T.C. Memo. 2005-39

UNITED STATES TAX COURT

WILLIAM C. STEARMAN III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20928-03, 15561-04.     Filed March 3, 2005.

William C. Stearman III, pro se.

<u>Donna B. Read</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  These cases are before the Court on respondent's motions to dismiss for failure to state a claim upon which relief could be granted and to impose a penalty under section 6673(a).[1]

_____

    [1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and
                                          (continued...)

Background

By notice dated June 30, 2004 the Court set this case for trial at the Court's Dallas, Texas, session beginning December 6, 2004. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Attached to this notice was the Court's standing pretrial order.

On November 2, 2004, in docket No. 20928-03, respondent filed a motion to dismiss for failure to state a claim upon which relief could be granted and to impose a penalty under section 6673(a). Petitioner failed to appear at the call of these consolidated cases.[2] At the call of petitioner's cases, in docket No. 15561-04, respondent orally moved the Court to dismiss for failure to state a claim upon which relief could be granted and to impose a penalty under section 6673(a).

Discussion

Rule 34(b)(4) requires that a petition filed in this Court shall contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax or penalties in dispute. Rule 34(b)(5) further

---

[1](...continued)
Procedure.

[2] On Nov. 22, 2004, the Court granted respondent's motion to consolidate.

requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. Funk v. Commissioner, 123 T.C. 213, 215 (2004); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Funk v. Commissioner, supra; Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court. Rule 123(a); Ward v. Commissioner, T.C. Memo. 2002-147. The Court also may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. Rule 123(b); Ward v. Commissioner, supra.

We agree with respondent that petitioner has failed to state a claim upon which relief can be granted. See Funk v. Commissioner, supra at 216-217. Furthermore, petitioner failed to properly prosecute his case. Accordingly we shall dismiss petitioner's cases and enter decisions sustaining respondent's determinations. Rules 34(a), 123; Funk v. Commissioner, supra at 218.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in

the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner attached to his petition in docket No. 15561-04 a six-page letter replete with tax-protester rhetoric, asserting there is no such thing as an income tax and containing arguments regarding the 16th Amendment.

On February 13, 2004, petitioner filed, in docket No. 20928-03, a status report stating: "Upon receipt of the Answer, Petitioner respectfully declines to animate the person, capacity or usage proposed by Respondent, and he is content to await notice of any sua sponte activity relevant to this matter."

On November 18, 2004, in docket No. 20928-03, the Court lodged respondent's objection to petitioner's request for admissions, which respondent attached to his objection.[3] On November 19, 2004, pursuant to Rule 90, the Court ordered

---

[3] We note that petitioner's requests included: "'Taxpayer' means fiduciary," "'United States' is a federal corporation," and "'UNITED STATES OF AMERICA' is another federal corporation."

petitioner to file his request for admissions.  Petitioner failed to do so.

On November 23, 2004, the Court lodged, in both dockets, a document entitled "Probable Cause Affidavit" with attached exhibits (PCA), which petitioner had submitted to the Court.  The PCA alleged various criminal acts taken by the Court, objected to the Tax Court Rules, requested "production" of a Tax Court Judge, and contained "interrogatories" directed to a Tax Court Judge.

On November 24, 2004, petitioner filed status reports in both dockets.  The status reports contain disrespectful and vulgar statements directed to the Court, and we shall not repeat them herein.  That same day, in docket No. 20928-03, petitioner filed a response to respondent's motion to dismiss for failure to state a claim upon which relief could be granted and to impose a penalty under section 6673(a).[4]

Several of the documents filed or lodged with the Court by petitioner contain the heading:  "UNITED STATES TAX COURT (a federal corporation, committing criminal acts under disguise of providing professionally incompetent arbitration services, while doing business in 'this state' via a tax exemption certificate."

Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this

---

[4]  We note that on the response petitioner also listed docket No. 15561-04.  For filing purposes, this docket number was crossed out.

and other courts.  <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987–225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude that in both dockets petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Although there were some minor differences between the frivolous and dilatory actions taken in each docket prior to consolidation, petitioner's actions in both dockets merit similar penalties.  Accordingly, pursuant to section 6673(a), we hold petitioner is liable for a $12,500 penalty in docket No. 20928-03 and a $12,500 penalty in docket No. 15561-04.

To reflect the foregoing,

Appropriate orders of dismissal and decisions will be entered.