T.C. Memo. 2008-29


UNITED STATES TAX COURT


NICHOLAS MACK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

NICOLAS MACK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 446-06, 26301-06.    Filed February 13, 2008.


Nicholas Mack, pro se.

Mark J. Miller, for respondent.


MEMORANDUM OPINION


GERBER, Judge:  By order dated May 21, 2007, these deficiency cases were scheduled for trial on September 24, 2007, at Milwaukee, Wisconsin.  In each case, respondent moved at trial for a dismissal for failure to properly prosecute and for the

imposition of penalties under section 6673.[1]  We must decide whether the cases should be dismissed for lack of prosecution and whether penalties should be imposed.

## Background

### Docket No. 446-06

Respondent determined a $554 income tax deficiency for petitioner's 2003 tax year solely attributable to the 10-percent additional tax under section 72(t) on early distributions from qualified retirement plans.  The petition was filed on January 6, 2006, and respondent's answer was filed on March 10, 2006.  After filing his petition, petitioner immediately began requesting documents from respondent, and on April 3, 2006, respondent moved for a protective order, which the Court granted April 24, 2006.

Approximately 1 year later respondent moved to have this case calendared, petitioner objected, and the Court calendared this case for trial, along with docket No. 26301-06, on the Court's September 24, 2007, Milwaukee, Wisconsin, session.  On May 29, 2007, petitioner moved for summary judgment on the basis that respondent's counsel and certain unnamed clerks of the Tax Court "have engaged in serious misconduct" and the "presiding judge has failed and failed again to show any semblance of impartiality".  Petitioner did not seek summary judgment with

---

[1] All section references are to the Internal Revenue Code as amended and in effect for the periods under consideration.  Rule references are to the Tax Court Rules of Practice and Procedure.

respect to the underlying merits of respondent's determination. In effect, petitioner was seeking a dismissal of this case as a sanction against respondent. After considering the parties' written positions, the Court denied petitioner's motion for summary judgment by a June 25, 2007, order.

Petitioner also served respondent with a request for admissions, and respondent responded. At about the same time, respondent's motion to show cause why proposed facts in evidence should not be accepted as established under Rule 91(f) was filed on June 1, 2007, and on June 5, 2007, the Court issued an order to show cause why said facts should not be deemed stipulated under Rule 91(f). Petitioner failed to respond, and the order to show cause was made absolute by order dated July 25, 2007. The facts deemed stipulated support respondent's position that his determination is not in error.

Respondent's attorney and Appeals officer made numerous attempts to contact petitioner for purposes of normal pretrial preparation and/or settlement of the case. Petitioner was recalcitrant and refused to speak with respondent's employees. Petitioner sent respondent a final offer to resolve the case and thereafter, on July 10, 2007, the Court received and filed "PETITIONER'S NOTICE OF REFUSAL TO ACCEPT SERVICE OF COURT'S DOCUMENTS". Attached to petitioner's notice was a letter to the Clerk of the Tax Court dated July 5, 2007, returning "unopened

and unread" certified mail the Court had sent to petitioner. Petitioner's letter also stated that his "Settlement Offer * * * [was his] final involvement * * * [with the] Court."

Docket No. 26301-06

Respondent determined that petitioner was liable for a deficiency in self-employment tax for his 2004 tax year. Petitioner reported gross receipts of $43,933 from "General Rentals" and an $8,078.68 net profit from his "General Rentals, Quality Homes" business on Schedule C, Profit or Loss from Business, attached to his 2004 return. On the basis of petitioner's reported items, respondent determined that petitioner was liable for a deficiency of $1,142 in self-employment tax for his 2004 tax year.

Petitioner had received a Form 1099-MISC, Miscellaneous Income, for $35,983 from SSI Independent Living Center, Inc. (SSI), and petitioner contends he included this amount in the gross receipts he reported on his Schedule C. Petitioner contends that SSI is a nonprofit corporation of which petitioner's father is a director and an officer. Respondent reports that according to SSI's Web site, petitioner is permanently paralyzed and during 2004, under a contract with SSI, was paid $35,983 to provide himself with a home and with transportation.

The petition in docket No. 26301-06 was filed December 20, 2006, and respondent's answer was filed February 6, 2007. Initially, petitioner had designated Milwaukee, Wisconsin, as the place of trial, but in March he sought to strike Milwaukee as the place of trial because he considered respondent's determination to be "fraudulent" and he believed the case would "never properly proceed to trial." Around the same time, petitioner moved to have the case dismissed with prejudice on the ground that respondent's determination was "frivolous" and without merit. Petitioner's motions were denied, and over the next few months petitioner sought reconsideration of the denial of his motions.

Subsequently, petitioner served requests for admission which respondent answered. Petitioner filed a motion for summary judgment that was denied. Petitioner also sent a final offer to resolve docket No. 26301-06 and subsequently filed a "NOTICE OF REFUSAL TO ACCEPT SERVICE OF COURT'S DOCUMENTS" as he had in docket No. 446-06.

Other than an ultimatum of settlement on his terms, petitioner has not provided respondent with any reason or argument that would show that respondent's determinations for 2003 and 2004 were in error. Instead, petitioner has attempted to collaterally attack respondent's determinations by means of broadly stated assertions that respondent's determinations are "fraudulent" or "frivolous" and that respondent's employees are

involved in some type of conspiracy with Court employees. Petitioner has not shown or specifically identified any particular act that would be considered fraudulent.

## Discussion

Our consideration of respondent's motions to dismiss for lack of prosecution is a relatively simple matter. Petitioner filed petitions in these cases generally alleging error in respondent's determinations for his 2003 and 2004 tax years. No penalties or matters upon which respondent would bear a burden of proof or production were determined against or identified by petitioner. There was some pretrial activity, including petitioner's failed motion for summary judgment. Petitioner then made ultimatums of settlement on his terms followed by his refusal to further discuss these cases with respondent or to receive any correspondence from the Court. He failed to appear for trial or respond to respondent's motions or Court orders, and it is clear that his cases should be dismissed for his failure to prosecute. Petitioner delayed these cases, his conduct has been contumacious, and he was given ample opportunity to pursue the merits of his tax dispute but failed to do so. Accordingly, we will grant respondent's motions to dismiss for failure to properly prosecute.

Respondent's motions to impose sanctions under I.R.C. section 6673 are also presented for our consideration. In

support of his motions, respondent contends that initial attempts to communicate with petitioner were met with "abject hostility, including accusations of fraud and misconduct."  Respondent also points out that petitioner refused to meet with respondent's employees or to discuss his cases by telephone.  In addition, petitioner's correspondence to respondent and the Court contained "insulting and false accusations of 'unethical misconduct' and 'bad faith'".

Respondent contends that petitioner filed numerous frivolous motions or documents, such as:  "Petitioner's Motion to Strike Designation of Place of Trial, Petitioner's Motion to Dismiss and For Costs, Petitioner's Motion for Reconsideration, Petitioner's Request for Admissions, Petitioner's Motion for Summary Judgment, Petitioner's Request for Stipulations, Petitioner's Notice of Refusal to Accept Service of Court's Documents."  Petitioner's motions were denied and did not address the underlying merits of respondent's determinations.  In most instances they were collateral attacks on respondent's or the Court's employees.

Respondent contends, that petitioner has filed, in another court, a "false and frivolous law suit against respondent's counsel * * * [and Judges] of this Court."  Respondent contends that "Petitioner is using * * * [that] law suit as a basis for this Court to 'stay' this proceeding."  It is for those reasons

that respondent moves the Court to impose a penalty upon petitioner under section 6673.

Section 6673(a)(1) provides that

Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Respondent argues that penalties should be imposed because petitioner instituted and/or is maintaining these proceedings primarily for delay and because petitioner's positions in these proceedings are frivolous.  In particular, respondent contends that petitioner did not advance meaningful positions regarding his 2003 or 2004 tax years and that the documents he filed were frivolous and contained insulting and false accusations against respondent's employees, Court employees, and Judges of the Court.

The Court of Appeals for the Third Circuit has observed that "the legislative history of §6673 supports the view that it is a penalty statute designed to deter taxpayers from bringing frivolous or dilatory suits, and not a damage provision enacted to compensate the IRS."  Sauers v. Commissioner, 771 F.2d 64, 68

(3d Cir. 1985), affg. T.C. Memo. 1984-367; see also Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986).

The Court of Appeals for the Fifth Circuit has recently approved and imposed a sanction where a taxpayer insulted the Court of Appeals, the Tax Court, and the opposing party. Stearman v. Commissioner, 436 F.3d 533, 540 (5th Cir. 2006), affg. T.C. Memo. 2005-39. In approving the imposition of penalties against the taxpayer, the Court of Appeals observed that

> it is difficult to imagine a lesser sanction that would vindicate the integrity of the court proceedings and deter * * * [taxpayers] from similar misconduct. Wasteful and dilatory appeals unjustifiably consume the limited resources of the judicial system: "While judges, staff and support personnel have expended energy to dispose of this meritless appeal, justice has been delayed for truly deserving litigants." Foret v. S. Farm Bureau Life Ins. Co., 918 F.2d 534, 539 (5th Cir. 1990). [Id.; fn. ref. omitted.]

In deciding whether to sanction petitioner's conduct by imposing penalties under section 6673, we note that we will dismiss petitioner's cases with prejudice for failure to prosecute because there was a record of delay and contumacious conduct, and petitioner had been given ample opportunity to pursue the merits of his tax dispute. A lesser sanction than dismissal would, under the circumstances, be futile. See Tello v. Commissioner, 410 F.3d 743, 744 (5th Cir. 2005).

Understanding that a dismissal with prejudice, in itself, is a form of sanction, we consider whether the same actions should

also be sanctioned by means of a penalty imposed under section 6673. Initially we note that petitioner's conduct meets the letter and intent of section 6673 in that his personal attacks on respondent's and the Court's employees are frivolous. Petitioner has not advanced any particular reasons for his broad-based claims of fraud and misconduct. In addition, he has failed to present any meaningful basis to support his generalized claim that respondent's determinations are in error. Finally, after instituting these proceedings, petitioner has sought to engineer a delay of them. He has made unreasonable ultimatums, refused to cooperate or follow the Court's Rules, and most significantly, intentionally refused to accept, read, or follow the Court's correspondence, some of which contains Court orders requiring a specific action.

Petitioner's income tax deficiencies are modest ($554 for 2003 and $1,142 for 2004), but his belligerence and actions require that, in addition to the dismissal of his cases, he be sanctioned by the imposition of penalties under section 6673 of $1,000 for 2003 and $1,000 for 2004. Petitioner's attempts to delay and his belligerence must be sanctioned to vindicate the integrity of this Court's proceedings and to deter petitioner from similar misconduct in the future. Accordingly, we will grant respondent's motions to impose sanctions under I.R.C. section 6673.

To reflect the foregoing,

Orders of dismissal and
decision will be entered for
respondent.