T.C. Memo. 2010-167

UNITED STATES TAX COURT

ETTA M. LOWERY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20656-08.                    Filed August 2, 2010.

Etta M. Lowery, pro se.

<u>Marty J. Dama</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following deficiencies in and penalties with respect to petitioner's Federal income taxes:

|  Year | Deficiency | Penalty Sec. 6662(a) |
|------|------------|----------------------|
| 2003 | $53,265    | $10,653.00           |
| 2004 | 26,903     | 5,380.60             |
| 2005 | 62,991     | 12,598.20            |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by respondent,[1] the issues for decision are whether petitioner:  (1) Is entitled to deduct amounts received as compensation for services from Allstate Insurance Co. (Allstate) and First Command Financial Planning (First Command) as other miscellaneous deductions (miscellaneous itemized deductions) claimed on Schedule A, Itemized Deductions, for 2003, 2004, and 2005; (2) is entitled to deduct expenses for her home health care business claimed on Schedule C, Profit or Loss from Business, for 2003 and 2004; (3) must include in her 2004 gross income the distribution to her from the Savings and Profit Sharing Fund of Allstate Employees (the distribution); (4) is liable for a 10-percent additional tax under section 72(t) for

_____

[1] Respondent concedes income tax adjustments of $2,121 and $5,118 for 2004 and 2005, respectively.

The self-employment tax and related deductions and the amount of petitioner's personal exemption are computational matters.  See secs. 151, 164(f), 1401, 1402.

Petitioner argued in her pretrial memorandum and at trial that the Court did not have jurisdiction and respondent must pursue the return of the refunds under sec. 7405.  On brief, however, she advanced no argument in support of this contention; it is therefore deemed abandoned.  See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003).

the distribution; and (5) is liable for a section 6662(a) accuracy-related penalty for each of the years 2003, 2004, and 2005.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. At the time the petition was filed, petitioner resided in Texas.

Petitioner worked for Allstate as a sales manager in 2003 and as a district manager in 2004 and part of 2005. She worked for First Command for the remainder of 2005. In 2003, 2004, and 2005 petitioner received $123,533, $126,820, and $226,155, respectively, as compensation. Petitioner included these amounts in her Federal income tax returns for 2003, 2004, and 2005 and claimed miscellaneous itemized deductions in equal amounts.[2]

Petitioner also claimed $24,200 in Schedule C deductions for expenses related to her home herbal health care business for 2003. Her deductions were claimed for advertising expenses, automobile expenses, supplies, travel, meals and entertainment, and other expenses. She claimed her house had been flooded and therefore she could not recover any receipts from 2003. She did

---

[2] Petitioner claimed total Schedule A itemized deductions of $154,949, $131,573, and $286,877 for 2003, 2004, and 2005, respectively. Respondent disallowed miscellaneous itemized deductions of $124,256, $127,413, and $288,537 for 2003, 2004, and 2005, respectively.

not give respondent's revenue agent, Cathy Street (Ms. Street), the names of her suppliers or other information to reconstruct the claimed expenses. She also claimed $250 in Schedule C deductions for 2004.

Petitioner received from the Savings and Profit Sharing Fund of Allstate Employees a distribution of $26,800 by check dated April 30, 2004. Petitioner deposited the check into her interest-bearing checking account at Bank of America. She was 48 years old when she received the distribution. Petitioner did not include the distribution in her income for 2004. Ms. Street issued a summons to petitioner's bank to obtain bank records and performed a bank account analysis to identify the source of the deposit.

At trial petitioner claimed "Allstate Insurance Company is not a trade or business." She also disputed the "W-2s and 1099 information" on the grounds that:

> Allstate Insurance Company, First Command Financial Planning, and Etta Lowery do not fit within the specific kind and class expressly itemized in the definition of trade or business under 7701(a)(26) nor does Etta Lowery fit within the specific kind and class expressly in the definition of employee, 3401(c), and in the Federal Register, on Tuesday, September 7, 1943, at page 12267 Section 404.101.

We advised petitioner that her arguments were frivolous and warned her that the Court might impose a penalty under section 6673(a)(1) if she continued to assert such arguments.

OPINION

I.  Burden of Proof

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 6201(d) provides that if the taxpayer, in a court proceeding, asserts a reasonable dispute with respect to the income reported on an information return and has fully cooperated with the Commissioner, then the Commissioner shall have the burden of producing reasonable and probative information in addition to the information return.  In addition, section 7491(a) provides that if the taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the taxpayer's liability for a tax imposed under subtitle A or B of the Code.

Petitioner has not raised a reasonable dispute within the meaning of section 6201(d).  She has also failed to introduce any credible evidence or substantiate her deductions as required by section 7491(a).  Therefore, petitioner bears the burden of proof.

II.  Deductions

Deductions are a matter of legislative grace, and taxpayers have the burden of showing that they are entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v.

<u>Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of the item claimed as a deduction. <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A. <u>Miscellaneous Itemized Deductions</u>

Petitioner argues that her compensation from Allstate and First Command is deductible as a miscellaneous itemized deduction because neither Allstate nor First Command is a trade or business. She also claims that she herself is not a trade or business and that she is not an employee of Allstate or First Command.

Petitioner advances shopworn arguments characteristic of tax-protester rhetoric that have been universally rejected by this and other courts. See <u>Stearman v. Commissioner</u>, 436 F.3d 533 (5th Cir. 2006), affg. T.C. Memo. 2005-39. We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's disallowance of the miscellaneous itemized deductions.

B. <u>Schedule C Deductions</u>

Petitioner did not substantiate any of her Schedule C deductions. Accordingly, we sustain respondent's disallowance of the Schedule C deductions.

III. <u>The Distribution</u>

Generally, a distribution from a qualified retirement plan is includable in the distributee's gross income in the year of the distribution. Sec. 72(a). Section 72(t)(1) imposes a 10-percent additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c))[3] unless an exception applies. A distribution is early if made to an employee who has not attained age 59-1/2. Sec. 72(t)(2)(A)(i).

Petitioner was 48 years old when she received the distribution in 2004.[4] Petitioner did not offer any evidence of an applicable exception. We therefore sustain respondent's determinations that the distribution is includable in petitioner's income for 2004 and that she is liable for the 10-percent additional tax. See Rule 142(a).

---

[3] The term "qualified retirement plan" includes a plan described in sec. 401(a). Sec. 4974(c)(1).

[4] Regardless of whether the additional tax under sec. 72(t) is a penalty or an additional amount for which the respondent would have the burden of production under sec. 7491(c), respondent has satisfied any such burden by showing petitioner was not 59-1/2 when she received the distribution. See <u>Milner v. Commissioner</u>, T.C. Memo. 2004-111 n.2.

IV.   Section 6662(a) Accuracy-Related Penalty

Pursuant to section 6662(a) and (b)(1) and (2), taxpayers may be liable for a penalty of 20 percent of the portion of an underpayment of tax due to negligence or disregard of rules or regulations or attributable to a substantial understatement of income tax.  The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).  Sec. 6662(d)(2)(A). Generally, an understatement is a "substantial understatement" when it exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return.  Sec. 6662(d)(1)(A). In addition, section 6662(c) defines "negligence" as any failure to make a reasonable attempt to comply with the provisions of the Code, and "disregard" means any careless, reckless, or intentional disregard.

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's

determination is incorrect. Rule 142(a); see <u>Higbee v.</u>
<u>Commissioner</u>, <u>supra</u> at 447.

Whether otherwise applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant. See <u>id.</u> Further, an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See <u>Remy v. Commissioner</u>, T.C. Memo. 1997-72.

Respondent has satisfied the burden of production. Petitioner's 2003, 2004, and 2005 income tax returns contain understatements of tax greater than $5,000 and greater than 10 percent of the amount of tax required to be shown on the returns. Sec. 6662(d)(1)(A).

Petitioner did not offer any evidence of reasonable cause or good faith. Accordingly, we sustain respondent's determination

as to the section 6662(a) accuracy-related penalties for 2003, 2004, and 2005.

V. Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceeding or instituted the proceeding primarily for delay. A taxpayer's position is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

We warned petitioner that her arguments were frivolous and have been universally rejected by this and other courts. We further advised petitioner that the Court has the discretion to impose a penalty of up to $25,000 if she were to proceed with such arguments.

Although respondent has not moved for a section 6673(a)(1) penalty, and we decline to impose the penalty at this time, we take this opportunity to warn petitioner that we may impose this penalty if she returns to the Court and proceeds in a similar manner in the future. See Pierson v. Commissioner, 115 T.C. 576 (2000).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not

mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.