T.C. Memo. 2005-61

UNITED STATES TAX COURT

RICHARD JOHN FLORANCE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18209-03L.               Filed March 29, 2005.

Richard John Florance, Jr., pro se.

<u>Adam L. Flick</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673.[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

## Background

Petitioner failed to file Federal income tax returns for 1994, 1995, and 1996.

On November 30, 1999, respondent sent petitioner a statutory notice of deficiency for 1994, 1995, and 1996. Petitioner received the notice of deficiency. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(f) | Sec. 6654(a) |
| 1994 | $6,105 | $1,561 | -- |
| 1995 | 13,675 | 9,912 | $714 |
| 1996 | 14,324 | 10,743 | 762 |

On April 24, 2000, respondent assessed the tax, additions to tax, and interest for 1994, 1995, and 1996.

On February 14, 2003, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's 1994 and 1996 taxable years.

On March 5, 2003, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's 1995 taxable year.

On or about March 7, 2003, respondent filed a notice of Federal tax lien regarding petitioner's 1994, 1995, and 1996 tax years.

On March 10, 2003, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding petitioner's 1994, 1995, and 1996 tax years.

On March 14, 2003, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing, regarding his 1994, 1995, and 1996 tax years.[2]  In a 22-page attachment to the Form 12153, petitioner essentially challenged his underlying tax liability.

On July 10, 2003, petitioner mailed respondent three Forms 1041, U.S. Income Tax Return for Estates and Trusts, and Forms W-2, Wage and Tax Statement, for 1994, 1995, and 1996.

On September 3, 2003, a face-to-face hearing was held with petitioner, Appeals Officer Nancy J. Driver, and Appeals Collection Specialist Veronica Smith.  Appeals Officer Driver confirmed that respondent had complied with all applicable laws and administrative procedures regarding 1994, 1995, and 1996, and she reviewed the administrative file for those years.  Petitioner did not propose any collection alternatives at the hearing and stated he was not interested in discussing collection alternatives because he did not believe he owed the amounts in

---

[2]  On the face of the Form 12153, petitioner listed 1994 and 1995 as the taxable periods.  In his 22-page attachment to the Form 12153, petitioner referenced 1996.  Additionally, on Apr. 9, 2003, petitioner filed a second Form 12153 on which he listed 1996 as the taxable period.  Respondent does not dispute that petitioner timely requested hearings to challenge all 3 years.

issue. Petitioner questioned Appeals Officer Driver's authority to conduct a section 6330 hearing and wanted to discuss his underlying liabilities for 1994, 1995, and 1996.

On September 26, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding his 1994, 1995, and 1996 tax years. In the notice of determination, respondent determined that the proposed collection actions were appropriate and to proceed with collection.

On October 24, 2003, petitioner petitioned the Court.

On December 11, 2003, petitioner filed a motion for judgment on the pleadings. Petitioner asked that the answer be stricken from the record. Petitioner characterized the primary issue in his case as whether he was a "taxpayer" and stated that he had challenged this issue. The motion for judgment on the pleadings also contained other frivolous and groundless statements, contentions, and arguments.

On December 16, 2003, the Court denied petitioner's motion for judgment on the pleadings.

On January 6, 2004, petitioner filed a status report containing frivolous and groundless statements, contentions, and arguments.

By notice dated June 30, 2004, the Court set this case for trial at the Court's Dallas, Texas, session beginning December 6,

2004. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Attached to this notice was the Court's standing pretrial order.

On October 29, 2004, respondent filed a motion for summary judgment and to impose a penalty under section 6673.

On November 1, 2004, the Court ordered petitioner to file any objection to respondent's motion for summary judgment and to impose a penalty under section 6673 on or before November 15, 2004.

On November 12, 2004, the Court lodged respondent's objection to petitioner's request for admissions.

On November 16, 2004, pursuant to Rule 90, the Court ordered petitioner to file his request for admissions. Petitioner failed to do so.

On November 18, 2004, petitioner filed a 53-page response to respondent's motion for summary judgment and to impose a penalty under section 6673. Petitioner alleged criminal conduct by the Court and made disrespectful statements directed to the Court.

On November 19, 2004, the Court ordered respondent's motion for summary judgment and to impose a penalty under section 6673 calendared for hearing at the Court's Dallas, Texas, session beginning December 6, 2004.

Petitioner failed to appear at the hearing.

Discussion

 I. <u>Motion for Summary Judgment</u>

 Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

 We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

 II. <u>Determination To Proceed With Collection</u>

 Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

 Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that

the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period.  Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner received the notice of deficiency for 1994, 1995, and 1996.  Accordingly, he cannot challenge his underlying liabilities.  See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.  Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended

collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection.

III. <u>Section 6673</u>

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); see also <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner filed frivolous documents and motions with the Court. Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.[3] <u>Wilcox v. Commissioner</u>, 848 F.2d 1007

---

[3] Petitioner advanced similar frivolous arguments in <u>Florance v. Commissioner</u>, T.C. Memo. 2005-60 (docket No. 11782-03). That case also was on the Court's Dallas, Texas, session beginning Dec. 6, 2004.

(9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $12,500 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.