T.C. Memo. 2008-266

UNITED STATES TAX COURT

RICHARD A. CUSTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5317-07.                    Filed December 1, 2008.

Richard A. Custer, pro se.

Emly B. Berndt, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion to dismiss for lack of prosecution pursuant

to Rule 123(b).[1]  By notice of deficiency, respondent determined a deficiency of $16,854 in petitioner's 2004 Federal income tax.

### Background

In the notice of deficiency, respondent determined that petitioner failed to report wage income of $28,463 from ExpressJet Airlines, Inc., and $52,527 from Continental Airlines, Inc.  Respondent also determined that petitioner failed to report from Fidelity Destiny II a $64 dividend and a $5,000 capital gain.  Respondent made these determinations based on Forms W-2, Wage and Tax Statement, and Forms 1099-DIV, Dividends and Distributions, issued to petitioner.

On March 6, 2007, petitioner invoked the jurisdiction of this Court by timely filing a petition containing numerous frivolous and groundless "tax defier"[2] arguments including:

---

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

[2]  On Apr. 8, 2008, the U.S. Department of Justice announced the creation of "the National Tax Defier Initiative or TAXDEF." Press Release, U.S. Department of Justice, Nathan J. Hochman, Tax Division's Assistant Attorney General, Announces the Creation of the National Tax Defier Initiative (Apr. 8, 2008) (available at www.usdoj.gov/opa/pr/2008/April/08_tax_275.html); see also Lukacs, "Justice Launches National Tax Fraud Crackdown", 119 Tax Notes 141 (Apr. 14, 2008); 2008 TNT 70-57 (Apr. 10, 2008); Finet, "Hochman Addresses Tax Protestor Initiative, Tax Accrual Workpapers, Other Tax Issues", Daily Tax Rept. (BNA) No. 50, at K-1 (Mar. 14, 2008).  The purpose of TAXDEF "is to reaffirm and reinvigorate the Tax Division's commitment to investigate, pursue, and where appropriate, prosecute those who take concrete
(continued...)

4)   The determination of the tax at issue in the
     Notice of Deficiency is based upon the following
     errors:

     a)   The Commissioner erred in considering the
          petitioner to be an "employee" during the tax
          year 2004.
     b)   The Commissioner erred in considering the
          petitioner to have had "wages" during the tax
          year 2004.
     c)   The commission erred in determining for the
          tax year 2004 that the petitioner omitted
          $86,054 of income.

5)   The facts upon which the petitioner relies, as the
     basis of the petitioners case, are as follows:

     a)   The petitioner does not fall within the
          definition of "employee" as defined by
          section 3401(c) of the Internal Revenue Code.
     b)   The petitioner did not have "wages" as
          defined by section 3401(a) of the Internal
          Revenue Code for the tax year 2004.
     c)   The petitioner's W-2s for the tax year 2004
          incorrectly showed a total of $86,054 of
          "wages".
     d)   On Sept. 14, 2006 the Commissioner issued the
          petitioner a form 4549 for the tax year 2004
          using incorrect W-2 information as a basis
          for calculating the petitioner's
          "deficiency".
     e)   On Dec. 4, 2006 the Commissioner issued the
          petitioner a Notice of Deficiency for the tax
          year 2004 using incorrect W-2 information as
          a basis for calculating the petitioner's
          "deficiency".

---

[2](...continued)
action to defy and deny the fundamental validity of the tax
laws."  Press Release, U.S. Department of Justice, supra.
Additionally, "one of the initiative's goals is to address the
data gap created by the Internal Revenue Service Restructuring
and Reform Act of 1998, which prohibits the * * * [IRS] from
labeling any taxpayer as an illegal tax protester or using a
similar designation."  Lukacs, "Justice Launches National Tax
Fraud Crackdown", 119 Tax Notes at 142.

On April 24, 2007, respondent filed an answer denying the material allegations of the petition.

By notice dated December 27, 2007, the Court set this case for trial at the Court's Cleveland, Ohio, session beginning June 2, 2008. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On June 2, 2008, the Court called this case from the calendar. Petitioner did not appear at the calendar call, nor did anyone appear on his behalf. At that time, respondent orally moved to dismiss for lack of prosecution. Respondent stated:

> I, as counsel for Respondent, sent a letter to Mr. Custer on February 29th [2008], setting a Brannerton [sic] conference. He did not respond to that letter or call to reschedule the hearing [i.e., Branerton conference] we had set for March 12th [2008].
>
> I sent a follow-up letter, on April 22nd [2008], to the Petitioner containing a stipulation of facts and requesting that he return the stipulation of facts, if he was in agreement, or provide additional documentation to include the stipulation of facts. I have received no response to that.
>
> Additionally, Mr. Custer, the Petitioner, did not cooperate with IRS Appeals.

The Court asked respondent to file the motion in writing, and we set the case for recall on June 3, 2008.

On June 3, 2008, the Court recalled this case. Petitioner again failed to appear in person or through a representative. At that time, respondent filed a written motion that the case be

dismissed for lack of prosecution and that the Court impose sanctions on petitioner under section 6673(a) (respondent's motion). Respondent attached to respondent's motion the previously mentioned <u>Branerton</u> letter[3] dated February 29, 2008, and the followup letter dated April 22, 2008. In the followup letter dated April 22, 2008, respondent advised petitioner that continuing to maintain frivolous arguments could subject petitioner to sanctions pursuant to section 6673(a) of up to $25,000, and that respondent would move for such sanctions if petitioner's behavior warranted it.

At the recall, respondent stated the following:

> Your Honor, I'd like to point out for the record that in the Respondent's motion to dismiss for lack of prosecution, we are seeking sanctions under § 6673 for the Petitioner's continued pursuit of frivolous and groundless arguments. Specifically, in this case, the only issue he raised in his petition was that he was not an employee and did not have wages pursuant to Internal Revenue Code § 3401. Therefore, he had no income tax liability.
>
> The Court had previously sanctioned the Petitioner, Mr. Custer, in Docket No. 21335-05 when the Court granted Respondent's motion for summary judgment. They [sic] sanctioned Mr. Custer $5,000 under § 6673.

In respondent's motion, respondent moved that the Court impose sanctions on petitioner pursuant to section 6673(a) "for petitioner's continued assertion of frivolous and groundless arguments." That same day, the Court also filed respondent's

---

[3] See <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974).

pretrial memorandum, which stated that respondent expected to file a motion to dismiss for lack of prosecution and a motion for imposition of sanctions. In support of the imposition of sanctions pursuant to section 6673(a) respondent wrote in his pretrial memorandum: "Petitioner has made frivolous arguments in a past Tax Court case and continues to maintain these arguments in the current case. In his previous Tax Court Case, Docket No. 21335-05L, the Court imposed a § 6673 penalty in the amount of $5,000." The opinion in docket No. 21335-05L was rendered as a bench opinion.

Discussion

## I.  Rule 123(b)

The Court may dismiss a case and enter a decision against a taxpayer for his failure to properly prosecute or to comply with the Rules of this Court. Rule 123(b). Rule 123(b) generally applies in situations where the taxpayer bears the burden of proof. As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Internal Revenue Code.

Petitioner failed to appear and did not introduce any evidence. We conclude that the burden of proof regarding the deficiency determined in the statutory notice of deficiency is not placed on respondent pursuant to section 7491(a). Furthermore, petitioner advanced shopworn arguments characteristic of tax-protester/tax defier rhetoric that has been universally rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, affd. 33 Fed. Appx. 346 (9th Cir. 2002). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Respondent has connected, insofar as he is required to, petitioner with the unreported income (i.e., via the Forms W-2 and Forms 1099-DIV). See Mills v. Commissioner, T.C. Memo. 2007-270. Accordingly, we will grant respondent's motion to dismiss this case for lack of prosecution.

II.  Section 6673(a)(1)

Section 6673(a)(1) authorizes this Court to penalize up to $25,000 a taxpayer who institutes or maintains a proceeding primarily for delay or pursues a position in this Court which is frivolous or groundless.  Petitioner's conduct has convinced us that he maintained this proceeding primarily for delay.  Petitioner's actions have resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers.  See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).  Petitioner's insistence on making frivolous tax-protester/tax defier types of arguments indicates an unwillingness to respect the tax laws of the United States.  Accordingly, we shall grant the motion for sanctions and require petitioner to pay a penalty to the United States pursuant to section 6673 of $10,000.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.