T.C. Memo. 2009-138


UNITED STATES TAX COURT


ARNOLD H. PUGH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18062-07.                    Filed June 15, 2009.


Arnold H. Pugh, pro se.

Diana P. Hinton, for respondent.


MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673.  All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are whether petitioner is liable for the deficiency for 2004, and whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

## Background

At the time he filed the petition, petitioner resided in New York.

On Form W-2, Wage and Tax Statement, Verizon Services Corp. reported to respondent that it paid $107,465 in wages to petitioner in 2004. On Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, National Financial Services L.L.C. reported to respondent that petitioner received $9,361 in proceeds from the sale of stocks and bonds in 2004. On Form 1099-DIV, Dividends and Distributions, Verizon Communications reported to respondent that it paid petitioner a $98 ordinary dividend in 2004. On Form 1099-INT, Interest Income, National Financial Services L.L.C. reported to respondent that it paid petitioner $2 interest income in 2004. On Form 1099-INT, JPMorgan Chase Bank NA reported to respondent that it paid petitioner $38 interest income in 2004.

---

[1] Respondent conceded that the $5,345 New York State tax refund petitioner received in 2004 is not taxable income and that petitioner is not liable for the sec. 6654(a) addition to tax. In the petition petitioner failed to assign error to, and thereby conceded, the additions to tax respondent determined under sec. 6651(a). Rule 34(b)(4).

On January 19, 2007, petitioner submitted a Form 1040, U.S. Individual Income Tax Return, for 2004. On his Form 1040 petitioner included $107,465 of wages, $42 of taxable interest income, and $198 of ordinary dividends. Petitioner did not include capital gain income. Petitioner also claimed on Schedule A, Itemized Deductions, a deduction of $107,465 for "compensation for services actually rendered."

Petitioner attached to his Form 1040 a Form 8275, Disclosure Statement. In the disclosure statement, petitioner argued that his compensation for services (wages) was exempt from income because: (1) "The claim is founded upon a common law immunity which rendered any money earned from the right of accession immune from taxation"; (2) "The United States Code defined this immunity as a 'white citizen' right"; and (3) his wages were not taxable under a claim of right and under section 1341.

Petitioner made similar arguments, notably that his wages were not taxable under section 1341, on his 2003 Form 1040. Petitioner's 2003 tax year was at issue in docket No. 20893-06. In an order and decision, the Court upheld respondent's determination not to allow a Schedule A itemized deduction for wages for 2003 and imposed a $10,000 section 6673 penalty as the Court determined that petitioner asserted only frivolous and groundless arguments of claim of right and under section 1341. The Court admonished petitioner that the Court would consider

imposing a larger penalty if petitioner returned to the Court and advanced similar arguments.

Respondent issued petitioner a statutory notice of deficiency determining a deficiency of $26,635 for 2004 and additions to tax of $2,290.05, $763.35, and $242.35, pursuant to sections 6651(a)(1) and (2) and 6654, respectively.

Petitioner petitioned the Court.  Respondent moved for summary judgment and to impose a penalty under section 6673.  A hearing was held on respondent's motion.  Petitioner failed to appear at the hearing on the motion (nor was there anyone there to represent him).

## Discussion

### I.  Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

Full or partial summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

(1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Upon review of the record, and viewing it in a light most favorable to petitioner, we conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

II.  <u>Income</u>

A.  <u>Income From Verizon Services Corp.</u>

Gross income includes compensation for services.  Sec. 61(a)(1).  In 2004 petitioner earned wages of $107,465 from Verizon, and this amount is income to him.

B.  <u>Interest Income</u>

Gross income includes interest.  Sec. 61(a)(4). Accordingly, the interest petitioner received in 2004 is income.

C.  <u>Dividends</u>

Gross income includes dividends.  Sec. 61(a)(7). Accordingly, the dividend petitioner received in 2004 is income.

D.  <u>Capital Gains</u>

Gross income includes gains from dealings in property.  Sec. 61(a)(3).  Accordingly, the $9,361 in proceeds from the sale of stocks and bonds in 2004 is income.

E.  <u>Conclusion</u>

Petitioner advanced shopworn arguments characteristic of tax-defier rhetoric, see <u>Custer v. Commissioner</u>, T.C. Memo. 2008-266, that has been universally rejected by this and other courts, <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  In the order and decision in petitioner's case for tax year 2003, the Court advised petitioner that his arguments were frivolous and groundless.  We have already explained petitioner's fallacies to him.  We shall not do so again, as painstakingly addressing petitioner's assertions "with somber reasoning and copious citation of precedent * * * to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  On the basis of the foregoing, we sustain respondent's determination of a deficiency in petitioner's income tax.

III.  <u>Section 6673(a)(1)</u>

Section 6673(a)(1) authorizes this Court to penalize up to $25,000 a taxpayer who institutes or maintains a proceeding

primarily for delay or pursues in this Court a position which is frivolous or groundless.

Petitioner's conduct has convinced us that he maintained this proceeding primarily for delay and to advance his frivolous and groundless arguments.  Petitioner's actions have resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers.  See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).  Petitioner's insistence on making frivolous tax-defier arguments indicates an unwillingness to respect the tax laws of the United States.  Accordingly, in view of the fact that a $10,000 penalty was not a sufficient deterrent, and petitioner was warned that he faced a stiffer penalty if he made similar frivolous arguments with the Court, we shall require petitioner to pay a penalty of $15,000 to the United States pursuant to section 6673.

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered under Rule 155.