T.C. Memo. 2009-155


UNITED STATES TAX COURT



RICHARD JOHN FLORANCE, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7364-08.                    Filed June 29, 2009.


Richard John Florance, Jr., pro se.

Adam Flick, for respondent.



MEMORANDUM OPINION


MORRISON, Judge:  This case is before this Court on
respondent IRS's Motion for Summary Judgment and Motion to Impose

a Penalty under Section 6673 and petitioner Richard John

Florance's cross-motions for the same.[1]

## Background

Florance did not file an income tax return for the calendar

year 2005. On December 31, 2007, the IRS sent Florance a notice

of deficiency (Notice) for the 2005 taxable year in which it

determined a deficiency of $131,049, and additions to tax under

section 6651(a)(1) of $29,486.03, under section 6651(a)(2) of

$12,449.66,[2] and under section 6654(a) of $5,256.61. Florance

filed a petition with this Court on March 26, 2008 challenging

the determinations in the Notice on the grounds that he did not

consent to becoming a taxpayer and therefore is not subject to

the income tax laws of the United States. The IRS, in its answer

filed on May 22, 2008, asserted that Florance received an

additional $486,780 of nonemployee compensation that was omitted

from the Notice. The IRS therefore asserted that the total

deficiency increased to $312,177, and the additions to tax under

sections 6651(a)(1) and 6654(a) increased to $70,239.83 and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Florance resided in the State of Texas at the time he filed his petition and thus this case is appealable to the Court of Appeals for the Fifth Circuit.

[2]The IRS noted in the schedule entitled "Explanation of the Delinquency Penalty" attached to the Notice that "[i]f an amount appears as the Failure to Pay Penalty, the amount reflects only the addition to tax under Internal Revenue Code section 6651(a)(2) through the date of this Notice. The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent."

$12,521.93 respectively. The addition to tax under section 6651(a)(2) was described in general terms as "0.5 percent of the unpaid tax for each month that petitioner's failure to pay the tax continues, but not to exceed 25 percent of the unpaid tax" without an estimate of the addition to tax. Exhibit A to the answer included calculations of the increased deficiency and additions to tax under sections 6651(a)(1) and 6654(a). The IRS then filed a request for Admission of Facts on September 19, 2008 in which it requested that Florance admit that he filed no return for the 2005 taxable year and that he earned the items of income alleged in the Notice and the answer; Florance responded by objecting on grounds of relevance.

This case was called from the calendar for the trial session of this Court on December 2, 2008 at Dallas, Texas. There was no appearance by or on behalf of Florance. Counsel for the IRS appeared and filed with this Court a Motion for Summary Judgment and a Motion to Impose a Penalty Under Sec. 6673. Attached to the Motion for Summary Judgment were Exhibit A, a certified copy of an Information Returns Processing transcript of Florance's account for the 2005 taxable year containing summaries of his Form 1099 information returns and Exhibit B, a certified copy of a transcript of his account for the same year showing that he filed no tax return, that the IRS prepared a substitute return on his behalf, and that he paid no estimated taxes nor had any

income tax withheld in 2005.  Also attached was Exhibit C, a certified transcript of Florance's account for the 2004 taxable year showing that he had a tax liability for 2004.  This Court ordered that Florance file with this Court, on or before January 2, 2009, a response to both of the IRS's motions.  On January 5, 2009, Florance filed: (1) Petitioner's Response to Commissioner's Motion for Summary Judgment, (2) Petitioner's Response to Motion for Sanctions (Sec. 6673), (3) Petitioner's (Cross-)Motion for summary Judgment, and (4) Petitioner's Motion for Sanctions (Sec. 6673).  In his response to Commissioner's Motion for Summary Judgment and (Cross-)Motion for Summary Judgment, he accused this Court of criminal conduct, objected to the authority of Special Trial Judges (even though none was assigned to or heard any motions in this case), alleged that no material dispute of fact existed in the case (entitling him to summary judgment), and objected to the introduction into the evidentiary record of the IRS's exhibits.  He also alleged that the IRS had no standing in this Court.  In his Response to Motion for Sanctions (Sec. 6673), Florance argued that he is not a taxpayer as the term is used in the Internal Revenue Code and therefore is not subject to the sanctions regimes of section 6673.  In his Motion for Sanctions (Sec. 6673), Florance asserted that the IRS's conduct was "reprehensible" and therefore he should be awarded $250,000 in sanctions under section 6673(a)(2).

## Discussion

Florance is no stranger to this Court.  In <u>Florance v. Commissioner</u>, T.C. Memo. 2005-60, affd. 174 Fed. Appx. 200 (5th Cir. 2006) and <u>Florance v. Commissioner</u>, T.C. Memo. 2005-61, affd. 174 Fed. Appx. 200 (5th Cir. 2006).  Florance asserted similar tax-defier[3] arguments for the 1994 through 1997 tax years and was sanctioned by this Court under section 6673 in the respective amounts of $10,000 and $12,500.  In this case he asks us to consider his frivolous arguments once again.

## I.   Motion and Cross-Motion for Summary Judgment

The parties have cross-moved for summary judgment.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  <u>FPL Group, Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74 (2001).  A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); <u>Elec. Arts, Inc. v. Commissioner</u>, 118 T.C. 226, 238 (2002).  A partial summary adjudication may be made which does not dispose of all the issues in the case.  Rule 121(b); <u>Tracinda Corp. v. Commissioner</u>, 111 T.C. 315, 323-324 (1998).  The moving party has the burden of proving that no

---

[3]<u>Custer v. Commissioner</u>, T.C. Memo. 2008-266 (using the term "tax-defier").

genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 162 (2002).

A.  <u>Deficiency Determined in the Notice of Deficiency</u>

Florance bears the burden of proof with respect to the deficiency of $131,049 determined in the Notice.  Rule 142(a). The deficiency corresponds to $367,005 in nonemployee compensation, as shown by the certified Information Returns Processing transcript attached as an exhibit to the motion for summary judgment.[4]  He did not appear at the trial session to contest the deficiency nor did he provide any evidence in any of his submissions to this Court to prove that he did not earn the income the IRS alleged.  Accordingly, we sustain the IRS's deficiency determination in the Notice.

B.  <u>Increased Deficiency</u>

The IRS bears the burden of proof with respect to the increased deficiency asserted in its answer.  Rule 142(a).  The increased deficiency corresponds to $486,780 in nonemployee compensation, as shown by the certified Information Returns

---

[4]The transcript shows that the IRS received 23 Forms 1099-MISC, Miscellaneous Income, attributable to both the deficiency determined in the notice of deficiency and the increased deficiency.  The amounts on the forms are as follows: $2,754, $12,362, $46,811, $19,150, $27,444, $60,241, $1,755, $117,450, $287,774, $769, $16,486, $7,374, $12,324, $129,068, $3,928, $1,625, $26,015, $20,455, $5,811, $2,398, $28,492, $19,160, and $4,139.

Processing transcript.[5]  This amount is includable in gross income.  See sec. 61.  The IRS also provided an explanation of the calculations used to determine the additional deficiency based on the additional income in the schedules attached as an exhibit to the answer.  We find that the IRS has met its burden of proof with respect to the increased deficiency by producing the certified transcript of information returns and the calculation sheet.

C.    Additions to Tax

1.    Burdens of Production and Proof

Section 7491(c) provides that the IRS bears the burden of production with respect to the liability of any individual for any penalty or addition to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If a taxpayer files a petition alleging an error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the IRS produces evidence that the addition to tax or penalty is appropriate.  Swain v. Commissioner, supra at 364-365.  The IRS, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.

---

[5]See supra note 4 for details of nonemployee compensation.

Higbee v. Commissioner, supra at 446.  The IRS carries the burden of proof, not merely the burden of production, with respect to any amount of an addition to tax or penalty attributable to an increased deficiency.  Rule 142(a).

2.  Section 6651(a)(1) Failure-To-File Addition to Tax

The IRS determined that Florance was liable for a $70,239.83 addition to tax under section 6651(a)(1) for 2005.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.  The late filing addition to tax is 5 percent for each month such failure continues, not to exceed 25 percent in the aggregate.  Sec. 6651(a)(1).  The 5 percent addition to tax is reduced by the amount of the addition to tax under section 6651(a)(2) for failure to pay, that is, 0.5 percent for each month in which both penalties apply.  Sec. 6651(c)(1).  Therefore, the effective late filing rate for the maximum 5-month period in which both additions to tax apply is 4.5 percent per month.  Sec. 6651(a)(1), (c)(1).

The IRS submitted a certified transcript of Florance's account for the 2005 taxable year.  The transcript states that he did not file a return nor pay any tax for 2005.  His failure to file was not due to reasonable cause.  Consequently, the IRS has

met its burdens of production and proof for the late filing addition to tax for 2005. Florance is therefore liable for the section 6651(a)(1) addition to tax for 2005.

3. <u>Section 6651(a)(2) Failure-To-Pay Addition to Tax</u>

The IRS determined that Florance was liable for an addition to tax under section 6651(a)(2) for 2005. Section 6651(a)(2) imposes an addition to tax for failure to pay tax shown on a return on or before the date prescribed for payment (determined with regard to any extension of time for payment), unless such failure is due to reasonable cause and not due to willful neglect. Sec. 301.6651-1(a)(2), Proced. & Admin. Regs. The late payment addition to tax is 0.5 percent for each month such failure continues, not to exceed 25 percent in the aggregate. Sec. 6651(a)(2). When a taxpayer does not file a return, the IRS may create a substitute for return meeting the requirements of section 6020(b). Such a return is treated as the return filed by the taxpayer for the purposes of the section 6651(a)(2) addition to tax. Secs. 6020(b), 6651(g)(2).

The IRS submitted a certified transcript of Florance's account for the 2005 taxable year. The transcript states that Florance did not pay any estimated taxes nor have any income tax withheld for 2005; he did not file a return accompanied by any payment. The IRS prepared a substitute for return on his behalf for 2005 that meets the requirements of section 6020(b).

Florance's failure to pay timely was not due to reasonable cause. Consequently, the IRS has met its burdens of production and proof for the late payment addition to tax for 2005. Florance is therefore liable for the section 6651(a)(2) addition to tax for 2005.

### 4. Section 6654(a) Failure-To-Pay-Estimated-Tax Addition to Tax

The IRS found that Florance was liable for a $12,521.93 addition to tax under section 6654(a) for failure to pay estimated income tax. The addition to tax is calculated by applying the section 6621 underpayment rate to the amount of the underpayment from the due date of the particular installment until the 15th day of the 4th month following the close of the taxable year. Sec. 6654(a), (b)(2). The IRS submitted a certified transcript of Florance's account for 2004 showing that he had a tax liability for that year but failed to file a return for that year; therefore, he had to make estimated tax payments for the 2005 taxable year. See sec. 6654(d)(1). The IRS also submitted a certified transcript of Florance's account for 2005 showing that he paid no estimated tax nor had any income tax withheld for 2005 and providing calculations used to figure the section 6654(a) addition to tax in Schedule 5 to the answer. We conclude that the IRS has satisfied its burdens of production and proof regarding this issue; no exception pursuant to section

6654(e) applies.  We therefore hold that Florance is liable for the section 6654(a) addition to tax.

II.  <u>Sanctions Under Section 6673</u>

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); see also <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known the claim was frivolous).

Florance filed several frivolous motions challenging the authority of this Court and more generally the internal revenue laws of the United States.  The motions also contained disrespectful language directed at the Court's Judges and employees.  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude Florance's position was frivolous and groundless and that he instituted and maintained these proceedings primarily for delay. Accordingly, pursuant to section 6673(a)(1), and in view of Florance's repetitive abuse of the resources of this Court both at these proceedings and in the past, we hold Florance is liable for a $17,500 penalty. See <u>Stearman v. Commissioner</u>, 436 F.3d 533, 540 (5th Cir. 2006), affg. T.C. Memo. 2005-39.

Finally, we address Florance's Motion for Sanctions (Sec. 6673). Section 6673(a)(2) authorizes this Court to require counsel or the United States, in the case of counsel for the IRS, to pay excess costs, expenses, and attorneys' fees if counsel has multiplied the proceedings in any case unreasonably and vexatiously. Florance's motion is without merit. Counsel for the IRS has filed appropriate motions before this Court and otherwise conducted himself in a professional manner.

After carefully considering the parties' submissions and the issues presented, we conclude that we can decide this case in full for respondent as a matter of law upon the existing record as no material facts are in dispute.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and

decision will be entered.
