T.C. Memo. 2009-154

UNITED STATES TAX COURT

RICHARD JOHN FLORANCE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26283-07.                    Filed June 29, 2009.

Richard John Florance, Jr., pro se.

<u>Adam Flick</u>, for respondent.

MEMORANDUM OPINION

MORRISON, <u>Judge</u>:  This case is before this Court on
respondent IRS's Motion for Summary Judgment and Motion to Impose
a Penalty Under Section 6673 and petitioner Richard John

Florance's cross-motions for the same.[1]

## Background

Florance did not file an income tax return for the calendar year 2003. On August 14, 2007, the IRS sent Florance a notice of deficiency (Notice) for the 2003 taxable year in which it determined a deficiency of $1,131, and additions to tax under section 6651(a)(1) of $254.48 and under section 6651(a)(2) of $214.89. Florance filed a petition with this Court on November 14, 2007 challenging the determinations in the Notice on the grounds that he did not consent to becoming a taxpayer and therefore is not subject to the income tax laws of the United States. On January 14, 2008, the IRS filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and to Impose a Penalty Under Section 6673. On January 23, 2008, this Court ordered Florance to file an amended petition stating with specificity each error the IRS is alleged to have made in the Notice and stating facts upon which Florance based each allegation of error; the Court also permitted Florance to file an objection to the IRS motion. On February 7, 2008 Florance filed three documents with this Court. The first was Florance's Response to Commissioner's Motion to Dismiss, which put forward

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Florance resided in the State of Texas at the time he filed his petition and thus this case is appealable to the Court of Appeals for the Fifth Circuit.

tax-defier[2] arguments in a tone disrespectful to this Court.  The second was Florance's Motion to Strike, in which he sought to "strike Comm'r's [sic] improperly joined motion*S* [sic] under TCR 54," and generally challenged the assignment of his case to any Special Trial Judge.  In the third, Florance's Declination to Amend, Florance declined to amend his petition, arguing that he had "satisfied all the requirements for a petition in this forum" and once again objected to the assignment of his case to a Special Trial Judge.  The case was called from the calendar for the motions session of this Court on March 5, 2008, before Chief Special Trial Judge Peter J. Panuthos.[3]  There was no appearance by or on behalf of Florance.  Counsel for the IRS appeared and requested that the Court deny the IRS's own motion to dismiss because it discovered that Florance had earned additional income beyond that determined in the Notice.  The Court agreed and extended the time in which the IRS had to file an answer to Florance's petition until April 4, 2008.  The IRS, in its answer

---

[2]Custer v. Commissioner, T.C. Memo. 2008-266 (using the term "tax defier").

[3]In his filings with this Court, Florance challenged the authority of Special Trial Judges to rule in his case.  Special Trial Judges are authorized to preside over motions sessions of this Court and to make any appropriate order disposing of motions not dispositive of a case.  See sec. 7443A(b)(7) ("The chief judge may assign-- * * * any other proceeding which the chief judge may designate, to be heard by the Special Trial Judges of the court."); Rule 181; Deleg. Order No. 45, 126 T.C. VI, sec. 3(a) (2006).  Moreover, a Special Trial Judge may hear and make the decision of the Court in a case, such as this one, where the amount of the deficiency placed in dispute does not exceed $50,000.  Sec. 7443A(b)(3), (c); Rule 182; Deleg. Order No. 44, 126 T.C. V, sec. 1(c) (2006).

filed on March 26, 2008, asserted that Florance received an additional $54,000 of nonemployee compensation that was omitted from the Notice. The IRS therefore asserted that the total deficiency increased to $18,026, and the additions to tax under section 6651(a)(1) and (2) increased to $4,055.85 and $4,326.24, respectively. Exhibit A to the answer included calculations of the increased deficiency and additions to tax.

Florance's bounty of motions continued unabated. In Florance's Motion to Strike I.R.C. Section 7443A and Florance's Motion to Strike TCR 182, both filed June 9, 2008 he again challenged the authority of Special Trial Judges to rule in his case. In Florance's Motion for Default Judgment, filed on the same date, he made the moot argument that the IRS did not file its motion to dismiss timely. All of Florance's motions up to this point were denied by this Court. The IRS then filed a Request for Admission of Facts on September 19, 2008 in which it requested that Florance admit that he filed no return for the 2003 taxable year and that he earned the items of income alleged in the Notice and the answer; Florance responded by objecting on grounds of relevance.

This case was called from the calendar for the trial session of this Court on December 2, 2008 at Dallas, Texas. There was no appearance by or on behalf of Florance. Counsel for the IRS appeared and was heard. This case was recalled from the calendar

on December 3, 2008. Again there was no appearance by or on behalf of Florance. Counsel for the IRS appeared and filed with this Court a Motion for Summary Judgment and a Motion to Impose a Penalty Under Section 6673. Attached to the Motion for Summary Judgment were Exhibit A, a certified copy of an Information Returns Processing transcript of Florance's account for the 2003 taxable year containing summaries of his Form 1099 information returns and Exhibit B, a certified copy of a transcript of his account for the same year showing that he filed no tax return, that the IRS prepared a substitute for return on his behalf, and that he paid no estimated taxes nor had any income tax withholding credits in 2003. This Court ordered that Florance file with this Court, on or before January 2, 2009, a response to both of the IRS's motions. On January 5, 2009, Florance filed: (1) Petitioner's Response to Commissioner's Motion for Summary Judgment, (2) Petitioner's Response to Motion for Sanctions (Sec. 6673), (3) Petitioner's (Cross-)Motion for Summary Judgment, and (4) Petitioner's Motion for Sanctions (Sec. 6673). In his response to Commissioner's Motion for Summary Judgment and (Cross-)Motion for Summary Judgment, he accused this Court of criminal conduct, objected again to the authority of Special Trial Judges, alleged that no material dispute of fact existed in the case (entitling him to summary judgment), and objected to the introduction into the evidentiary record of the IRS's exhibits.

He also alleged that the IRS had no standing in this Court.  In his Response to Motion for Sanctions (Sec. 6673), Florance argued that he is not a taxpayer as the term is used in the Internal Revenue Code and therefore is not subject to the sanctions regimes of section 6673.  In his Motion for Sanctions (Sec. 6673), Florance asserted that the IRS's conduct was "reprehensible" and therefore he should be awarded $250,000 in sanctions under section 6673(a)(2).

## Discussion

Florance is no stranger to this Court.  In Florance v. Commissioner, T.C. Memo. 2005-60, affd. 174 Fed. Appx. 200 (5th Cir. 2006) and Florance v. Commissioner, T.C. Memo. 2005-61, affd. 174 Fed. Appx. 200 (5th Cir. 2006).  Florance asserted similar tax defier arguments for the 1994 through 1997 tax years and was sanctioned by this Court under section 6673 in the respective amounts of $10,000 and $12,500.  In this case he asks us to consider his frivolous arguments once again.

I.   Motion and Cross-Motion for Summary Judgment

The parties have cross-moved for summary judgment.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001).  A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); <u>Elec. Arts, Inc. v. Commissioner</u>, 118 T.C. 226, 238 (2002). A partial summary adjudication may be made which does not dispose of all the issues in the case. Rule 121(b); <u>Tracinda Corp. v. Commissioner</u>, 111 T.C. 315, 323-324 (1998). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 162 (2002).

A. <u>Deficiency Determined in the Notice of Deficiency</u>

Florance bears the burden of proof with respect to the deficiency of $1,131 determined in the Notice. Rule 142(a). The deficiency corresponds to $8,000 in nonemployee compensation, $4 of partnership losses of an ordinary character, and $6 of interest income, as shown by the certified Information Returns Processing transcript attached as an exhibit to the motion for summary judgment. He did not appear at the trial session to contest the deficiency nor did he provide any evidence in any of his submissions to this Court to prove that he did not earn the income the IRS alleged. Accordingly, we sustain the IRS's deficiency determination in the Notice.

B. <u>Increased Deficiency</u>

The IRS bears the burden of proof with respect to the

increased deficiency asserted in its answer. Rule 142(a). The increased deficiency corresponds to $54,000 in nonemployee compensation, as shown by the certified Information Returns Processing transcript. This amount is includable in gross income. See sec. 61. The IRS also provided an accurate explanation of the calculations used to determine the additional deficiency based on the additional income in the schedules attached as an exhibit to the answer. We find that the IRS has met its burden of proof with respect to the increased deficiency by producing the certified transcript of information returns and the calculation sheet.

C.   Additions to Tax

1.   Burdens of Production and Proof

Section 7491(c) provides that the IRS bears the burden of production with respect to the liability of any individual for any penalty or addition to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging an error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the IRS produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 364-

365.  The IRS, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446.  The IRS carries the burden of proof, not merely the burden of production, with respect to any amount of an addition to tax or penalty attributable to an increased deficiency.  Rule 142(a).

 2.   Section 6651(a)(1) Failure-To-File Addition to Tax

The IRS determined that Florance was liable for a $4,055.85 addition to tax under section 6651(a)(1) for 2003.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.  The late filing addition to tax is 5 percent for each month such failure continues, not to exceed 25 percent in the aggregate.  Sec. 6651(a)(1).  The 5 percent addition to tax is reduced by the amount of the addition under to tax section 6651(a)(2) for failure to pay, that is, 0.5 percent for each month in which both additions to tax apply.  Sec. 6651(c)(1).  Therefore, the effective late filing rate for the maximum 5-month period in which both additions to tax apply is 4.5 percent per month.  Sec. 6651(a)(1), (c)(1).

The IRS submitted a certified transcript of Florance's account for the 2003 taxable year.  The transcript states that he

did not file a return nor pay any tax for 2003. His failure to file was not due to reasonable cause. Accordingly, the IRS has met its burdens of production and proof for the late filing addition to tax for 2003. Florance is therefore liable for the section 6651(a)(1) addition to tax for 2003.

3. Section 6651(a)(2) Failure-To-Pay Addition to Tax

The IRS determined that Florance was liable for a $4,326.24 addition to tax under section 6651(a)(2) for 2003. Section 6651(a)(2) imposes an addition to tax for failure to pay tax shown on a return on or before the date prescribed for payment (determined with regard to any extension of time for payment), unless such failure is due to reasonable cause and not due to willful neglect. Sec. 301.6651-1(a)(2), Proced. & Admin. Regs. The late payment addition to tax is 0.5 percent for each month such failure continues, not to exceed 25 percent in the aggregate. Sec. 6651(a)(2). When a taxpayer does not file a return, the IRS may create a substitute for return meeting the requirements of section 6020(b). Such a return is treated as the tax return filed by the taxpayer for purposes of the section 6651(a)(2) addition to tax. Secs. 6020(b), 6651(g)(2).

The IRS submitted a certified transcript of Florance's account for the 2003 taxable year. The transcript states that Florance did not pay any estimated taxes nor have any income tax withheld for 2003; he did not file a return accompanied by any

payment. The IRS prepared a substitute for return on his behalf for 2003 that meets the requirements of section 6020(b). The calculations in Schedule 4 of Exhibit A to the answer reflect the amount of the addition to tax through the date the schedule was produced, as noted on the bottom of the schedule itself. Florance's failure to pay timely was not due to reasonable cause. Consequently, the IRS has met its burdens of production and proof for the late payment addition to tax for 2003. Florance is therefore liable for the section 6651(a)(2) addition to tax for 2003.

## II. Sanctions Under Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known the claim was frivolous).

Florance filed numerous frivolous motions challenging the authority of this Court and more generally the internal revenue

laws of the United States.  The motions also contained disrespectful language directed at the Court's Judges and employees.  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude Florance's position was frivolous and groundless and that he instituted and maintained these proceedings primarily for delay.  Accordingly, pursuant to section 6673(a)(1), and in view of Florance's repetitive abuse of the resources of this Court both at these proceedings and in the past, we hold Florance is liable for a $15,000 penalty.  See Stearman v. Commissioner, 436 F.3d 533, 540 (5th Cir. 2006), affg. T.C. Memo. 2005-39.

Finally, we address Florance's Motion for Sanctions (Sec. 6673).  Section 6673(a)(2) authorizes this Court to require counsel or the United States, in the case of counsel for the IRS, to pay excess costs, expenses, and attorneys' fees if counsel has multiplied the proceedings in any case unreasonably and vexatiously.  Florance's motion is without merit.  Counsel for the IRS has filed appropriate motions before this Court and otherwise conducted himself in a professional manner.

After carefully considering the parties' submissions and the issues presented, we conclude that we can decide this case in

full for respondent as a matter of law upon the existing record as no material facts are in dispute.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.