T.C. Memo. 2008-288

UNITED STATES TAX COURT

CARL ROBERT WAGENKNECHT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8293-07.                    Filed December 22, 2008.

Carl Robert Wagenknecht, Jr., pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies of
$13,438, $11,533, and $16,014 in petitioner's income tax for
2002, 2003, and 2004, respectively.  Respondent also determined

additions to tax pursuant to section 6651(a)(1) and (2) for 2004.[1]

The issues for decision are: (1) Whether petitioner is liable for the deficiencies; (2) whether petitioner is liable for an addition to tax for failing to file a Federal income tax return for 2004; (3) whether petitioner is liable for an addition to tax for failing to pay Federal income tax for 2004; (4) whether petitioner is liable for a 10-percent additional tax pursuant to section 72(t) for 2004; and (5) whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Ohio.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for 2002, 2003, or 2004. On or about December 29, 2004, for 2002 and 2003, respectively, and March 28, 2005, for 2004, petitioner mailed to respondent virtually identical

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

"affidavits",[2] approximately 50 pages long, titled "Notice of Affidavit Statement of :Carl R.: Wagenkneckt, Jr.  In Protest of Internal Revenue Code Section 6011 For Year Period Ending December 31," 2002, 2003, or 2004.  The aforementioned three affidavits contained frivolous and groundless arguments, including (but not limited to):

1.  The frivolous affidavits were submitted to respondent under coercion and duress;

2.  petitioner was neither an "employee" nor "personnel" under a contract of employment for personal services with the "United States" or [with] any "regulated public utility" as "employer" as the foregoing quoted terms are specially defined and used under the "Public Salary Tax Act of 1939";

3.  petitioner was not a "person," nor "individual," nor "U.S. person," nor "U.S. individual," nor "taxpayer," nor "non-resident alien," nor any other "legal entity" "made liable for" or "subject to" any "internal revenue tax" or "U.S. Individual Income Tax";

4.  petitioner received no "wages" includable in "gross income";

5.  petitioner was not domiciled "within" the borders and jurisdiction of the "United States;" "a State" or "a political subdivision thereof;" the District of Columbia; any Federal Enclave; or Federal territory or possession;

6.  petitioner was not a "United States Person;"

7.  arguments regarding the Sixteenth Amendment made petitioner not liable for taxes;

8.  Title 26 is not a positive law applicable to the people of the United States;

---

[2]  We use the term "affidavit" for convenience only.

9.   petitioner was born "within" the outer borders and jurisdiction of the compact <u>dejure</u> [sic] state of Ohio, one of the compact states of the United States of America;

10.   petitioner is an American national; a national of the grand republic of the United States; a <u>C</u>itizen of the United States as the term "<u>C</u>itizen" is used in Article I, Section 2, Clause b of the Constitution of the United States of America; a <u>C</u>itizen of the compact <u>dejure</u> [sic] state of Ohio, as the term "<u>C</u>itizen" is used in the Constitution compact of the <u>dejure</u> [sic] state of Ohio;

11.   petitioner is a natural free-born man <u>in propria persona</u> and consequently of freeman legal character; is one of the sovereign people of America by the grace of his God and Creator, and consequently of sui <u>juris</u> legal character; is a member of the grantor class entitled to grant power to a republican form of government; am a child of God, created by God, not by any government authority;

12.   the Christian appellation of petitioner is ":Carl R.: Wagenkneckt, Jr." and any intentional abbreviation or misspelling of said Christian appellation is legally vague and consequently voidable by petitioner, or any "unauthorized capitalization" is in violation of the peonage laws;

13.   petitioner was not domiciled in the District of Columbia, a Federal Enclave, or Federal territory or possession of the United States; petitioner was domiciled "without" the "United States"; and petitioner was not a "person," nor "individual," nor "U.S. person," nor "U.S. individual," nor "taxpayer," nor "non-resident alien" nor any other "legal entity" "made liable for" or "subject to" any "internal revenue tax" as used under Title 26 U.S.C. and Title 26 C.F.R.;

14.   petitioner was not a "person" required to either "make such returns" or "keep such records" nor made subject to the requirements of Title 26 U.S.C. § 6001;

In summary petitioner claimed that he was not obligated to file a Federal income tax return and that he did not have Federal income tax liabilities for 2002, 2003, and 2004.

During 2002, 2003, and 2004 petitioner was a vice principal of a high school and a licensed attorney. Petitioner earned wages of $67,691, $66,542, and $69,107 from the Akron Public Schools in 2002, 2003, and 2004, respectively. In 2004 petitioner also received $488 in interest and $9,942 from qualified retirement plans.

Pursuant to section 6020(b), respondent filed Federal income tax returns for petitioner for 2002, 2003, and 2004 (section 6020(b) returns).

OPINION

I.  Burden of Proof

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

We found petitioner's testimony to be evasive, vague, conclusory, and/or questionable. Petitioner introduced no

credible evidence regarding his income for 2002, 2003, or 2004, and he introduced no evidence to establish that he met the prerequisites of section 7491(a). Accordingly, petitioner bears the burden of proof.

## II. Section 61

Section 61(a) defines gross income as all income from whatever source derived.

### A. Income From Akron Public Schools

Gross income includes compensation for services. Sec. 61(a)(1). In 2002, 2003, and 2004 petitioner earned wages of $67,691, $66,542, and $69,107, respectively, from the Akron Public Schools.

### B. Interest Income

Gross income includes interest. Sec. 61(a)(4). In 2004 petitioner received $488 in interest.

### C. Pension/Annuity Income

Gross income includes income from annuities and pensions. Sec. 61(a)(9), (11). In 2004 petitioner received $9,942 from qualified retirement plans.

### D. Conclusion

In the petition, a status report, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax-defier rhetoric, see Custer v. Commissioner, T.C. Memo. 2008-266, that has been universally rejected by this and other courts,

<u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). On the basis of the foregoing, we sustain respondent's determination of petitioner's unreported income.

III. <u>Section 72(t)</u>

Section 72(t) provides for a 10-percent additional tax on early distributions from a qualified retirement plan. However, the 10-percent additional tax does not apply to certain distributions. Section 72(t)(2) excepts qualified retirement plan distributions from the 10-percent additional tax if the distributions are, inter alia: (1) Made on or after the date on which the employee attains the age of 59-1/2; (2) made to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; or (5) dividends paid with respect to stock of a corporation which are described

in section 404(k).  Sec. 72(t)(2)(A).  A limited exception is also available for distributions made to an employee for medical care expenses.  See sec. 72(t)(2)(B).

Petitioner has the burden of proving his entitlement to any of these exceptions.  See Bunney v. Commissioner, 114 T.C. 259, 265 (2000); see also supra p. 5.  The evidence does not establish that any of the exceptions set forth in section 72(t)(2) applies in this case.  Thus, the distributions to petitioner in 2004 are subject to the 10-percent additional tax under section 72(t)(1).

IV.  Additions to Tax

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for additions to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If a taxpayer files a petition alleging some error in the determination of the penalty, the taxpayer's challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate. Swain v. Commissioner, supra at 364-365.  The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

A.  Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2004.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless such failure is due to reasonable cause and not due to willful neglect.

Petitioner stipulated he did not file a return for 2004. Thus, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies.  See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; see also Higbee v. Commissioner, supra at 447.  Petitioner presented no evidence that his failure to file was due to reasonable cause and not due to willful neglect.  We hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(1).

B.  Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax where payment of tax is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  At trial petitioner stipulated a substitute return for 2004 that satisfied section 6020(b).  The section 6020(b) return for 2004 shows a $16,014 deficiency and a balance due of $2,615.

On the basis of the evidence, we find that petitioner did not pay on time a portion of his tax for 2004. Petitioner did not present evidence indicating that his failure to pay was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, supra at 446-447 (stating that the taxpayer bears the burden of proof regarding reasonable cause). Accordingly, on this issue we sustain respondent's determination.

V. Section 6673(a)(1)

Section 6673(a)(1) authorizes this Court to penalize up to $25,000 a taxpayer who institutes or maintains a proceeding primarily for delay or pursues in this Court a position which is frivolous or groundless.

Petitioner's conduct has convinced us that he maintained this proceeding primarily for delay and to advance his frivolous and groundless arguments. At trial the Court advised petitioner that his arguments were frivolous and groundless.

Petitioner's actions have resulted in a waste of limited judicial and administrative resources that could have been devoted to resolving bona fide claims of other taxpayers. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). Petitioner's insistence on making frivolous tax-defier arguments indicates an unwillingness to respect the tax laws of the United States. Accordingly, we shall require petitioner to pay a penalty of $5,000 to the United States pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.