T.C. Memo. 2009-167

UNITED STATES TAX COURT

WILLIAM GREGORY SAMPLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22527-08.              Filed July 14, 2009.

William Gregory Samples, pro se.

<u>Lynette Mayfield</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case is before the Court on a petition
for redetermination of a deficiency and additions to tax for the
year 2004.  In a notice dated June 30, 2008, respondent
determined a deficiency of $4,539 in petitioner's Federal income
tax for 2004 and additions to tax pursuant to section 6651(a)(1)

of $740.02 and section 6651(a)(2) of $592.02.[1]  In an amendment
to answer filed May 18, 2009, respondent alleged and claimed for
2004 an increased deficiency of $7,136 and an increased addition
to tax under section 6651(a)(1) of $1,324.

The issues for decision are:  (1) Whether petitioner
received in 2004 wages and other compensation of $39,159.67 and
business income of $6,938, all of which is includable in his
gross income and subject to tax; (2) whether petitioner is liable
for an addition to tax pursuant to section 6651(a)(1) for failing
to file a Federal income tax return for 2004; (3) whether
petitioner is liable for an addition to tax pursuant to section
6651(a)(2) for failing to pay Federal income tax for 2004; and
(4) whether petitioner should be required to pay a penalty to the
United States pursuant to section 6673(a).

## Background

There is no stipulation of facts.  However, respondent's
Exhibits 1-R through 5-R were received in evidence and are
incorporated herein by this reference.  Petitioner resided in
Tennessee at the time he filed his petition.  In 2004 petitioner
was employed by Bluegreen Corp. (Bluegreen) of Boca Raton,

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended and in effect for the tax
year at issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.  The failure to pay addition is at the
rate of 0.5 percent for each month or fraction thereof that the
failure to pay continues, not exceeding 25 percent in the
aggregate.

Florida.  As provided by section 6041(a) and (d), Bluegreen reported to respondent that it paid wages and other compensation to petitioner during 2004.  It issued to petitioner a Form W-2, Wage and Tax Statement, for 2004 showing wages and other compensation of $39,159.67, Federal income tax withheld of $1,250.54, Social Security tax withheld of $2,427.90, and Medicare tax withheld of $567.82.  Petitioner did not timely file a Form 1040, U.S. Individual Income Tax Return, for 2004 and did not report the income received for that year from Bluegreen.

On or about June 13, 2008, petitioner submitted to respondent's Fresno Service Center for filing as a purported 2004 Form 1040 a document to which petitioner attached a letter and a 7-page affidavit of frivolous arguments.  The purported return showed $39,159 as wages received, income of $6,938 from Schedule C, Profit or Loss From Business, and total income of $46,097.  Petitioner reported his adjusted gross income as zero and his total tax as zero.  The Fresno Service Center determined that the purported return was "unprocessible" and rejected it as a frivolous document.

On September 8, 2008, respondent sent a letter to petitioner cautioning him that, if the frivolous document was not withdrawn and a proper return was not filed within 30 days, a civil penalty for filing a frivolous tax return would be imposed.

Petitioner did not withdraw his document submitted on June 13, 2008. Accordingly, a civil penalty of $5,000 for filing a frivolous tax return was imposed pursuant to section 6702(a), and it was assessed by respondent on December 15, 2008.

Respondent then prepared a substitute for return for petitioner pursuant to section 6020(b) and the return was audited. Upon audit, since the parties did not agree, respondent issued a notice of deficiency.

On September 12, 2008, petitioner filed his petition and made the same frivolous arguments that caused the civil penalty for filing a frivolous tax return to be imposed for 2004.

On March 6, 2009, respondent's counsel sent petitioner a letter cautioning him that, if he continued to make the same frivolous and groundless arguments at trial, respondent would request the Court to impose sanctions pursuant to section 6673(a).

On or about May 1, 2009, petitioner sent to the Court and to respondent his pretrial memorandum in which he cited the same authorities for his previously rejected frivolous and groundless arguments. He continued to repeat them in his statements and testimony at trial. Consequently, respondent filed at trial a motion to impose sanctions under section 6673(a).

## Discussion

Throughout this case petitioner presented tax-protester arguments, stating that he is not liable for the Federal income tax deficiencies and additions to tax determined in respondent's notice and asserted in his amendment to answer.

### I. Parties' Contentions

In summary, petitioner argues that the income tax is an indirect excise tax; excise taxes can be laid only upon certain specified events or on privileges; the labor and income of a natural person are his property and a natural right, not a privilege granted by government; and, since none of his income was produced from taxable activity (i.e., the manufacture, sale, or consumption of commodities) and he is a natural person, not a corporation, none of the income he earned in 2004 is taxable.

To the contrary, respondent points out that petitioner's arguments are erroneous for several reasons. First, petitioner's reliance on the historical discussion contained in Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 17-19 (1916), of direct versus indirect taxes as supporting his position is misguided and does not sustain it. As explained by the Supreme Court in Brushaber, the purpose of the 16th Amendment to the Constitution was to eliminate the source from which taxed income was derived as the criterion by which to determine the applicability of the constitutional requirement for the apportionment of taxes. Thus,

the Brushaber holding negates petitioner's attempt to recharacterize his wages and other compensation income as property on which no income tax may be imposed.  Second, petitioner's contention that his wages and other compensation are not taxable because they are property and that an indirect income tax on property is impermissible under the Constitution is merely a variation on the frivolous argument that wages are not income.  Third, Courts of Appeals have consistently rejected as frivolous the argument that wages are not income.  E.g., United States v. Becker, 965 F.2d 383, 389 (7th Cir. 1992); United States v. Connor, 898 F.2d 942, 943-944 (3d Cir. 1990).  We agree with respondent.  In Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983), this Court thoroughly analyzed, explained, and rejected the same frivolous and groundless arguments made by petitioner.

II.  Wages and Other Compensation

Section 61(a)(1) defines gross income for purposes of calculating taxable income as "all income from whatever source derived, including (but not limited to) the following items:  (1) Compensation for services, including fees, commissions, fringe benefits, and similar items".  Section 61(a)(2) provides for gross income derived from business.  Section 1 imposes a tax on taxable income received by an individual.  The liability for the payment of the income tax is on the individual earning the income.  Lucas v. Earl, 281 U.S. 111, 114-115 (1930).

The evidence clearly shows that petitioner received wages and other compensation totaling $39,159.67 as an employee of Bluegreen in 2004. He also received $6,938 as gross income, with no claimed expenses, in his business as an alternative health educator.

In Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984), affg. T.C. Memo. 1983-474, the U.S. Court of Appeals for the Sixth Circuit decided in a per curiam opinion the same issues involved in the instant case by rejecting the taxpayer's claims that (1) wages paid for his labor were nontaxable receipts, and (2) the 16th Amendment does not permit an imposition of tax on wages. The Court of Appeals stated:

> These assertions are totally without merit. First, gross income means all income from whatever source derived including compensation for services. 26 U.S.C. sections 61(a) and 61(a)(1); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955); Brushaber v. Union Pacific Railroad, 240 U.S. 1, 12, 36 S.Ct. 236, 239, 60 L.Ed. 493 (1916); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982) (wages received for services are taxable as income). Second, 26 U.S.C. section 61(a) is in full accordance with Congressional authority under the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states. * * *

Id. at 1188.

The decision of the Court of Appeals in the Perkins case controls the disposition of the issues in this case. In addition, there are, of course, numerous decisions by other Courts of Appeals holding that wages received for services are

taxable as income.  See, e.g., <u>Wilcox v. Commissioner</u>, 848 F.2d 1007, 1008 (9th Cir. 1988); <u>Motes v. United States</u>, 785 F.2d 928 (11th Cir. 1986), <u>Stelly v. Commissioner</u>, 761 F.2d 1113, 1115 (5th Cir. 1985).

Accordingly, on the basis of this record, we sustain respondent's determination of the deficiency and the asserted increased deficiency.

III.  <u>Additions to Tax</u>

A. <u>Burden of Production</u>

Respondent bears the burden of production with respect to petitioner's liability for the additions to tax.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  To meet his burden of production, respondent must come forward with sufficient evidence indicating it is appropriate to impose the additions to tax.  See <u>Higbee v. Commissioner</u>, <u>supra</u> at 446. Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determinations are incorrect.  See <u>id.</u> at 447.

B. <u>Section 6651(a)(1)</u>

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2004.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any

extension of time for filing) unless such failure is due to reasonable cause and not due to willful neglect.

Petitioner did not file a return for 2004. Thus, respondent has met his burden of production. Petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Higbee v. Commissioner, supra at 447. Petitioner alleged no error in his petition with respect to the section 6651(a)(1) addition to tax. Furthermore, he presented no evidence that his failure to file was due to reasonable cause and not due to willful neglect. Therefore, we hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(1).

C. Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax where payment of tax is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Respondent prepared a substitute for return for 2004 that satisfied section 6020(b). After the substitute return was audited and the parties failed to agree, respondent determined a deficiency of $4,538 which was later increased to $7,136 in an amended answer. Petitioner has paid only a portion of the tax due.

On the basis of the evidence, we find that petitioner did not pay on time some of his tax due for 2004. Petitioner also did not present evidence indicating that his failure to pay was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, supra at 446-447 (stating that the taxpayer bears the burden of proof regarding reasonable cause). Accordingly, we sustain respondent's determination on this issue and hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(2).

## IV. Penalty Under Section 6673(a)(1)

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay, or (2) the taxpayer's position is "frivolous or groundless". We think petitioner obviously brought this proceeding to delay payment of the income tax he owes. Moreover, his case is groundless, and his arguments are frivolous. A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. E.g., Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000). Petitioner has offered no plausible argument that he is exempt from Federal income tax. His arguments simply employ familiar tax-protester rhetoric that has been universally rejected by this

and other courts.  See, e.g., <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984); <u>Williams v. Commissioner</u>, 114 T.C. 136 (2000); see also <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2009-92; <u>Wagenknecht v. Commissioner</u>, T.C. Memo. 2008-288.

During the present difficult economic situation, when the courts are confronted with resolving an increasing number of legitimate tax controversies, what we stated 32 years ago in <u>Hatfield v. Commissioner</u>, 68 T.C. 895, 899 (1977), bears repeating:

> In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. * * *

> Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government.  On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." <u>Compania de Tabacos v. Collector</u>, 275 U.S. 87, 100 (1927).  The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment.  Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. * * *

Petitioner's actions and arguments have resulted in a waste of limited judicial and administrative resources that could have

been devoted to resolving bona fide claims of other taxpayers. And his insistence on making such discredited and meritless contentions has shown an unwillingness to comply with the tax laws of the United States.

Accordingly, we shall grant respondent's motion to impose sanctions, and we shall require petitioner to pay a penalty of $5,000 to the United States pursuant to section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.