T.C. Memo. 2016-76

UNITED STATES TAX COURT

WILSON HEIRS TRUST, R. S. OHENDALSKI, TRUSTEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22627-14L.                    Filed April 25, 2016.

Richard S. Ohendalski (trustee), for petitioner.

Susan Kathy Greene, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, Judge:  Richard S. Ohendalski, a resident of Texas, in his capacity

as trustee for petitioner Wilson Heirs Trust (trust), petitioned the Court for review

of respondent's Notice of Determination Concerning Collection Action(s) Under

[*2] 6320 and/or 6330,[1] sustaining the Notice of Intent to Levy (levy notice) and filing of a Notice of Federal Tax Lien (lien notice) with respect to the trust's unpaid Federal tax liabilities reported on Forms 1041, U.S. Income Tax Return for Estates and Trusts, for 2006, 2007, 2009, and 2010. The issue for decision is whether respondent may proceed with the collection actions identified in the notice of determination.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. The trust had a Texas mailing address and legal residence at the time the petition was filed. On April 17, 2014, respondent issued to the trust the lien notice at issue in this case, and on May 5, 2014, respondent timely received from Mr. Ohendalski a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a hearing. On May 5, 2014, respondent issued to the trust the levy notice at issue in this case, and on May 30, 2014, respondent timely received from Mr. Ohendalski a Form 12153 requesting a hearing. In both hearing requests Mr. Ohendalski summarized the trust's reason for the challenge as follows: "Taxpayer not covered by statutory

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, in effect at all relevant times.

**[*3]** levy [and] distraint authority." This was the only issue raised during the administrative hearing as well; the trust did not challenge the underlying liabilities. The settlement officer rejected the trust's position as frivolous, and on August 25, 2014, respondent issued the notices of determination. The trust timely petitioned the Court for review.

OPINION

If a taxpayer requests a hearing in response to a lien or levy notice pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of Appeals. Secs. 6320(b)(1), (3), 6330(b)(1), (3). At the hearing the taxpayer may raise any relevant issue. Sec. 6330(c)(2)(A). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3). Where the validity of the underlying tax liability is at issue, we review the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability it not properly at issue, we review the determination for abuse of discretion. Id. at 182.

The question of whether the trust is subject to the proposed collection actions was the only issue that Mr. Ohendalski raised during the administrative

**[*4]** hearing and is the only issue before us.  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007) ("[I]ssues under section 6330 must have been raised properly when the Appeals officer made her determination before we can review those issues in the context of an appeal of that determination.").  The trust has not challenged whether the settlement officer satisfied the verification requirements of section 6330, and our review of the administrative record and notice of determination likewise reveals no irregularities.

At trial Mr. Ohendalski explained that he was not intending to take a frivolous position; nor was he claiming that the trust was exempt from collection activities just because it is a trust.  Rather his position is that the collection action is improper because the trust is not among the entities covered by the levy procedures under section 6331.  He bases his legal argument on the language of section 6331(a) as clarified (in his view) by section 3310 of the Internal Revenue Code of 1939.

We begin our analysis where Mr. Ohendalski did, with section 6331(a). That section authorizes the Internal Revenue Service to collect by levy taxes owed from "any person liable to pay any tax [who] neglects or refuses to pay the same within 10 days after notice and demand".  Mr. Ohendalski argues that we must define "any person" by reference to section 3310 of the 1939 Internal Revenue

**[*5]** Code because section 3310 was the predecessor provision to section 6331 that matches the statute Congress enacted originally. Mr. Ohendalski argues that we must resort to the original statute because the Internal Revenue Code is a code, not "positive law", and as a code it is only prima facia evidence of what was in the statute that Congress enacted. When Mr. Ohendalski traces section 6331 back to a statute enacted by Congress, he ends with the statute enacted in 1939 (section 3310). He asserts that the original section covered only two classes of persons and that the trust does not fall in either class. Therefore, according to Mr. Ohendalski, the trust cannot be subject to levy.

When asked by the Court whether he would agree that the trust is subject to levy if we produced a citation of a statute (rather than the Internal Revenue Code) that includes the same language that now appears in section 6331(a), Mr. Ohendalski readily did so. We now fulfill our promise. Section 6331(a) was enacted as part of the Internal Revenue Code of 1954 (IRC 1954), Ch. 736, 68A Stat. at 783 which provides:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax * * * by levy upon all property and rights to property * * * belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * *

**[\*6]**   Thus, IRC 1954 sec. 6331 is positive law (as is, for that matter, the Internal Revenue Code of 1986, which was enacted by Congress in the Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085).  See 1 U.S.C. sec. 112 (2012).  Each amendment thereto also is positive law.  And, as we have said before, any argument that the revenue laws are not applicable because of the status of the Internal Revenue Code is frivolous.  E.g., Wagenknecht v. Commissioner, T.C. Memo. 2008-288; Urban v. Commissioner, T.C. Memo. 1984-85.

The language used in section 6331(a) has changed very little since the original statute was enacted in 1954.  The provision applies to "any person liable to pay any tax".  As the trust is a "person liable to pay any tax", sec. 6331(a), we hold that it is covered by the levy procedures under section 6331.  We find no abuse of discretion by the settlement officer and sustain respondent's determination.

To reflect the foregoing,

Decision will be entered for respondent.