T.C. Memo. 2020-30

UNITED STATES TAX COURT

SUN RIVER FINANCIAL TRUST, JAY A. GREEK, TRUSTEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20735-16L.                                Filed March 5, 2020.

Jay A. Greek (trustee), for petitioner.

Inga C. Plucinski-Holbrook, Rebekah A. Myers, and David Sorensen, for

respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  Pursuant to sections 6320(c) and 6330(d)(1),[1] Jay A.

Greek, in his capacity as trustee for petitioner Sun River Financial Trust, seeks

_____

    [1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] review of respondent's determination to proceed with collection. Respondent has conceded petitioner's income tax liabilities for the taxable years 2008, 2010, 2011, and 2012. After these concessions, the sole issue for decision is whether respondent abused his discretion in sustaining a proposed levy and the filing of a notice of Federal tax lien (NFTL) with respect to petitioner's unpaid section 6702 penalties for 2010 and 2011.

## Background

No stipulation of facts was filed in this case.[2] The exhibits admitted at trial are incorporated herein. Petitioner's mailing address was in California when its petition was timely filed.

I.    Petitioner's Section 6702 Penalties and Respondent's Collection Efforts

Petitioner filed delinquent tax returns for 2010 and 2011 reporting taxable income of $42,371 and $53,888, respectively. Petitioner also reported zero tax due and claimed a full refund of the amount of tax withheld for each respective

---

[2] The Court of Appeals for the Ninth Circuit has concluded that the record rule applies to collection due process (CDP) cases before this Court. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases. Under sec. 7482(b)(1)(B), appeal in this case would lie in the Court of Appeals for the Ninth Circuit absent a stipulation to the contrary. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). Accordingly, the facts in this opinion are derived from the administrative record developed before the Office of Appeals (Appeals) of the Internal Revenue Service (IRS).

**[*3]** year. Attached to petitioner's returns were Forms 1099-A, Acquisition or Abandonment of Secured Property, 1099-B, Proceeds From Broker and Barter Exchange Transactions, and 1099-OID, Original Issue Discount, all of which the IRS found to be false. Accordingly, the IRS determined that petitioner's 2010 and 2011 returns were frivolous and mailed a letter to petitioner notifying it of this determination. The letter warned petitioner of the potential consequences of taking frivolous return positions and gave petitioner an opportunity to withdraw its "returns" and file nonfrivolous returns within 30 days. Petitioner, however, did not file amended returns. Instead, petitioner submitted various correspondence raising arguments[3] the IRS considered to be frivolous and meritless. The IRS subsequently assessed a $5,000 section 6702 penalty for each frivolous return and notified petitioner in writing of the assessment of these penalties.

Having received no payment with respect to the assessed civil penalties, respondent issued petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), dated February 17, 2016, and

---

[3] Among other arguments, petitioner asserted that IRS agents lack the capacity to determine whether a return is frivolous because they are "not lawyers and do not regularly read legal texts." Petitioner contended that IRS agents automatically assume a return is frivolous when a taxpayer files Forms 1099-OID. Petitioner did not introduce any evidence to corroborate this claim.

**[*4]** a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated March 3, 2016.

II.     CDP Hearing Proceedings

Petitioner timely filed Forms 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the levy notice and the notice of filing of the NFTL.  On the Forms 12153 petitioner referred to reports issued by the U.S. Government Accountability Office (GAO reports).  On the basis of the GAO reports petitioner alleged that the IRS' computers are "unreliable, inaccurate, untrustworthy and lack proper security."  Contending that the IRS' computers are "unable to produce a believable result", petitioner stated that it was "reluctant" to pay the penalties assessed against it without "proof that the mathematical calculations * * * [were] correct."  Petitioner did not advance any additional arguments or request any collection alternatives.

Appeals assigned Settlement Officer (SO) Charles Duff to petitioner's case. SO Duff verified that a notice and demand for payment had been properly mailed to petitioner's last known address.  He also reviewed the administrative file and confirmed that the section 6702 penalties had been properly assessed.  In making

[*5] this determination SO Duff relied in part on TXMODA transcripts[4] of petitioner's accounts for 2008, 2010, 2011, and 2012.[5]

On May 25, 2016, SO Duff issued petitioner a letter scheduling a telephone CDP hearing for August 3, 2016. Petitioner, however, requested that the CDP hearing be conducted via correspondence only. In a letter dated June 30, 2016, SO Duff granted petitioner's request and informed it that a determination would be made on the basis of correspondence that petitioner submitted before the conference date.

On August 2, 2016, petitioner submitted to SO Duff a copy of the GAO reports. These reports state that for the years at issue the IRS' lack of effective control over financial reporting affected the agency's ability to produce reliable financial statements. Citing the GAO reports, petitioner argued that the

---

[4] A TXMODA transcript contains current account information from the Commissioner's master file. TXMODA is a command that the Commissioner's employee enters into the Commissioner's integrated data retrieval system (IDRS) to obtain a transcript. Crow v. Commissioner, T.C. Memo. 2002-149, slip op. at 11 n.6. In essence IDRS is the interface between the Commissioner's employees and the Commissioner's various computer systems. Id.

[5] The tax liabilities at issue consist solely of the penalties assessed under sec. 6702 for the submission of frivolous tax returns for 2010 and 2011. Respondent has conceded the income tax liabilities for the taxable years 2008, 2010, 2011, and 2012.

**[*6]** assessments the IRS made against it are unreliable. Petitioner did not submit any additional correspondence to SO Duff.

SO Duff reviewed the documents petitioner submitted and determined that petitioner failed to connect the GAO reports with the assessment of the section 6702 penalties at issue. After finding that the proposed collection activities against the trust were proper, SO Duff closed the case and, on August 15, 2016, sent petitioner two separate notices of determination. One of the notices sustained the filing of the NFTL and the other sustained the proposed levy. Petitioner timely sought review in this Court.

Discussion

I.      Jurisdiction

After trial petitioner filed a motion to dismiss, arguing that this Court does not have jurisdiction to hear this case. On February 13, 2019, respondent filed an objection to petitioner's motion.

It is well settled that this Court can proceed only if it has jurisdiction and that any party can question jurisdiction at any time. Romann v. Commissioner, 111 T.C. 273, 280 (1998). This is a Court of limited jurisdiction; we exercise our jurisdiction only as explicitly authorized by statute. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We have jurisdiction to review the Commissioner's

**[\*7]** determination to proceed with a collection action, including review of the Commissioner's determinations to collect a section 6702 frivolous return penalty. See sec. 6330(d)(1); Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008). And our jurisdiction can include a review of the underlying liability for a section 6702 frivolous return penalty, if otherwise appropriate. See Callahan v. Commissioner, 130 T.C. at 49.

Petitioner does not dispute that respondent issued a valid notice of determination to proceed with the collection action and that petitioner timely filed a petition for review of that determination. Instead, petitioner makes a series of frivolous legal arguments, all of which we reject.[6] See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498, 510-512 (2011) (noting that addressing frivolous arguments wastes time and resources and delays the assessment of tax). Because petitioner properly invoked our jurisdiction, we will deny its motion to dismiss.

---

[6] Sec. 6673(a)(1) authorizes the Court to impose a penalty of up to $25,000 for frivolous arguments or whenever it appears to the Court that proceedings before us "have been instituted or maintained by the taxpayer primarily for delay". The arguments petitioner advances on its motion are frivolous, and this Court would therefore be justified in sanctioning it. We decline to impose a sec. 6673 penalty; however, we warn petitioner to refrain from advancing frivolous arguments in any future filings it may make in this Court, as they may subject it to future penalties.

**[*8]** II.       Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for tax when a demand for payment of the tax has been made and the taxpayer fails to pay the tax. Section 6320(a) provides that the Secretary[7] shall furnish the taxpayer with a notice of the filing of an NFTL within five business days after the NFTL is filed.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of any person[8] liable for tax if such person fails to pay the tax within 10 days after notice and demand for payment is made. A "tax" may include the liability for the section 6702 penalty. See sec. 6671(a); see also Blaga v. Commissioner, T.C. Memo. 2010-170, slip op. at 11. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

---

[7] The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

[8] Sec. 6331(a) applies to "any person liable to pay any tax". This Court has held that a trust is a "person liable to pay any tax", and thus, it is covered by the levy procedures under sec. 6331. See Wilson Heirs Tr. v. Commissioner, T.C. Memo. 2016-76.

**[*9]** If a taxpayer requests a hearing in response to the notice of filing of an NFTL or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of Appeals. Secs. 6320(b)(1), (3), 6330(b)(1), (3). The hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or the amount of the underlying liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

III.   Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court shall apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court will review the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176,

**[*10]** 181-182 (2000).  Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion.  Id. at 182.

A taxpayer may challenge his underlying tax liability during a CDP hearing if he did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the underlying tax liability.  See sec. 6330(c)(2)(B). The section 6702 frivolous return penalty, as an assessable penalty, is not subject to the deficiency procedures outlined in sections 6211-6216.  See sec. 6703(b). Because a taxpayer will not have received a notice of deficiency before assessment of this penalty, he can dispute his liability for the penalty at a CDP hearing and on review of the CDP determination in this Court, in the absence of any other opportunity to contest it.  See Callahan v. Commissioner, 130 T.C. at 49-50.

This Court considers a taxpayer's challenge to his underlying tax liability in a CDP case only if he properly raised that challenge at his CDP hearing.  Giamelli v. Commissioner, 129 T.C. 107, 114-116 (2007); see sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by the SO or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. at 115-116; McRae v.

[*11] Commissioner, T.C. Memo. 2015-132, at *8-*9 (holding that the taxpayer failed explicitly to contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); Zook v. Commissioner, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to raise her underlying liabilities properly when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments). With respect to section 6702 penalties, a taxpayer properly raises the issue if he makes a meaningful challenge to the penalty itself. See sec. 6702(a)(1)(A), (2)(A); see also Pohl v. Commissioner, T.C. Memo. 2013-291, at *8; Buckardt v. Commissioner, T.C. Memo. 2012-170, slip op. at 12, aff'd, 584 F. App'x 612 (9th Cir. 2014).

Although petitioner was entitled to challenge the section 6702 penalties during the CDP hearing, petitioner did not present evidence or arguments addressing the merits of its liability for the section 6702 penalties. During the hearing petitioner's sole contention was that it was not liable for the section 6702 penalties because the IRS' computers are not reliable. On the basis of this contention petitioner demanded proof that the assessments of the section 6702 penalties were mathematically correct.

[*12] Petitioner's demand of proof does not equate to a meaningful challenge to its liability for the section 6702 penalties. Petitioner did not alert SO Duff to any specific errors on its account. Nor did it contend that its returns contained sufficient information or lacked frivolous positions. Instead, petitioner made general allegations about the unreliability of the IRS' computer system without connecting the GAO reports to the assessments at issue. Accordingly, we find that petitioner did not properly raise its underlying liability for its section 6702 penalties during its CDP hearing.[9]

## IV.    Abuse of Discretion

Because petitioner's underlying liability is not at issue, the only question we consider is whether respondent abused his discretion in sustaining the proposed levy and the filing of the NFTL to collect petitioner's section 6702 penalties. An abuse of discretion occurs if the SO exercises his or her discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the SO. Murphy v. Commissioner, 125 T.C.

---

[9] In addition we deem petitioner to have conceded the issue of whether it is liable for the sec. 6702 penalties because its petition contains no specific allegations or supporting facts regarding them. See Rules 34(b)(4), 331(b)(4). Petitioner's arguments at trial also do not raise any legitimate issue regarding these penalties.

**[*13]** 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  If the SO follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities.  Link v. Commissioner, T.C. Memo. 2013-53, at *12.

Following a CDP hearing the SO must determine whether to sustain the proposed collection action.  In making that determination, section 6330(c)(3) requires the SO to consider:  (1) whether the requirements of any applicable law or administrative procedure have been met, (2) any issues appropriately raised by the taxpayer, and (3) whether the collection action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  See Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7.  Petitioner did not introduce any credible evidence or persuasive arguments that would convince us that the determination to sustain the proposed collection actions was arbitrary, capricious, or without foundation in fact or law.

The only argument petitioner advanced during the CDP hearing and in this proceeding was its contention that the IRS' computers are unreliable.[10]  One could

---

[10]  Petitioner did not allege during the CDP hearing, in its petition, or in its opening brief that the sec. 6702 penalties, which are assessable penalties, were not

(continued...)

**[*14]** arguably interpret petitioner's argument as a challenge to SO Duff's compliance with the verification requirement under section 6330(c)(1). However, it is well settled that, absent a showing by the taxpayer of an irregularity in the Commissioner's assessment procedure, it is not an abuse of discretion for an Appeals officer to rely on TXMODA computer transcripts to comply with section 6330(c)(1). Schroeder v. Commissioner, T.C. Memo. 2002-190, slip op. at 12; Mann v. Commissioner, T.C. Memo. 2002-48. Petitioner has not demonstrated that there was any irregularity in respondent's assessment procedure. Accordingly, SO Duff did not abuse his discretion in relying on the TXMODA transcripts to verify the assessments of the section 6702 penalties.

It is clear from our review of the record that SO Duff verified that all requirements of applicable law and administrative procedure had been met, considered the issues petitioner raised, and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action

---

[10](...continued)
"personally approved (in writing) by the immediate supervisor of the individual making * * * [the penalty determination]." See sec. 6751(b)(1). That issue is therefore deemed conceded. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Triola v. Commissioner, T.C. Memo. 2014-166; Dinino v. Commissioner, T.C. Memo. 2009-284.

**[\*15]** be no more intrusive than necessary.  Finding no abuse of discretion in any respect, we will sustain the proposed levy and the filing of the NFTL.

In reaching our holding, we have considered all the parties' arguments and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.